# Morgan Lewis

Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
Tel. +1.212.309.6000
Fax: +1.212.309.6001
www.morganlewis.com

**Kevin J. Biron**
Partner
+1.212.309.6180
kevin.biron@morganlewis.com

January 28, 2016

**VIA ELECTRONIC FILING**
Honorable Barbara Moses, U.S.M.J.
United States District Court for the Southern District of New York
500 Pearl St., Courtroom 9A
New York, NY 10007

Re:   <u>Royal Park Investments SA/NV v. Deutsche Bank Nat'l Trust Co.</u>, No. 14-cv-4394

Dear Magistrate Judge Moses:

As set forth in the Trustee's December 15, 2015 letter, Dkt. # 85 (the "Trustee Letter"), RPI[1] should be compelled to obtain and produce documents from its Predecessors-In-Interest (including, but not limited to, BNPP, SFPI, Ageas SA/NV, and the CDO investment managers that RPI has identified as having relevant information). RPI does not dispute that it is asserting claims allegedly assigned to it and has no greater rights than these entities. Nor does RPI deny that these entities have documents relevant to the Trustee's defenses. Courts in this district and across the country have held that where an assignee of litigation rights, like RPI, brings a lawsuit to enforce those rights, defendants are "entitled to any discovery that they would have been entitled to if the [assignors] had themselves sued."[2] RPI has not identified a single case to the contrary, and its attempts to distinguish the Trustee's cases fail.[3]

As an initial matter, RPI does nothing to distinguish Judge Scheindlin's recent order.[4] RPI tries to distinguish <u>NTL</u> and <u>Meridien</u> on the basis that assignments in those cases occurred after the litigations were commenced. But, as explained in <u>Winnick</u>, "this distinction is without difference. . . . [T]he prejudice to defendants is equal either way."[5] RPI also fails to distinguish <u>Winnick</u>. RPI claims there was no record in <u>Winnick</u> that the plaintiff lacked the practical ability to obtain the requested documents. This is false.[6] RPI further argues <u>Winnick</u> is factually distinguishable because it was a fraud action and certain assignors retained an interest in the case. But neither the type of claim nor the interest of the assignors was relevant to Judge Lynch's holding in <u>Winnick</u>.[7] Moreover, even if an assignor's retention of an interest in the case were relevant, BNPP and the other entities that formed RPI have such an interest.[8]

---

[1]   Capitalized terms used but not defined herein have the meanings ascribed in the Trustee Letter.
[2]   <u>Winnick</u>, 2006 WL 278192, at *3; <u>see also</u> Trustee Letter, at 2-3 (citing cases).
[3]   <u>See</u> December 17, 2015 RPI letter, Dkt. # 83 (the "RPI Letter"), at 2-3.
[4]   <u>See</u> Trustee Letter, Ex. H (the "Judge Scheindlin Order").
[5]   <u>Winnick</u>, 228 F.R.D. at 507.
[6]   Judge Lynch denied a motion by the plaintiff-assignee to compel production from an assignor, and explained: "The Court recognizes that requiring [plaintiff-assignee] to obtain discovery from the [assignors], and then refusing to compel the [assignors] to produce that discovery, appears to place [plaintiff-assignee] in a double bind. But this is merely a consequence of choices that [plaintiff-assignee] and the Real Parties in Interest have made." <u>Winnick</u>, 2006 WL 278192, at *3.

Relying on Shcherbakovskiy v. Da Capo Al Fine, Ltd., 490 F.3d 130 (2d Cir. 2007), RPI's main argument is that RPI cannot be compelled to produce documents that are purportedly not in its control.[9] But a court in this district has found that Winnick is consistent with Shcherbakovskiy.[10] The reason is simple: an assignor would have been obligated to produce relevant documents in its control if it had brought the claim, and an assignee could have obtained the relevant documents (or rights to procure their production in litigation), at the time it acquired the claim. And Second Circuit precedent is clear that a party can be sanctioned for failing to produce documents that were – but are no longer – in that party's control.[11]

According to RPI, its three current shareholders – BNPP, Ageas SA/NV, and SFPI – formed RPI for the purpose of maximizing their recovery on the claims and securities assigned to RPI.[12] Clearly, those entities could have given RPI the right to obtain the documents at issue. Indeed, RPI did selectively acquire documents from its Predecessors-In-Interest – but it claims to have left behind the documents the Trustee now seeks to establish its defenses.[13] It is not – and cannot be – the law that entities with potential claims can transfer those claims to a special purpose vehicle that can then assert the claims without discovery obligations. E.g., In re Skelaxin, 2014 WL 129814, at *2 ("[I]t would be wholly unfair for Plaintiffs to step into the shoes of the assignors for the purposes of bringing their claims and not also assume a claimant's attendant discovery obligations. If assignee-plaintiffs were so empowered, nearly every valuable case would be run by assignment as an end-run around discovery. The Court will not countenance such a strategy.").

Finally, even if an assignee-plaintiff were not obligated to produce documents from its assignors as a matter of law, RPI still would be obligated to produce the documents it "has the right, authority, or practical ability to obtain."[14] Judge Scheindlin rejected RPI's attempts to argue it "has no practical ability to provide" such documents.[15] Moreover, RPI does not dispute that it has "contractual rights to obtain responsive documents from at least certain Predecessors-In-Interest."[16] For the reasons set forth in the Trustee Letter and above, RPI should be compelled to obtain and produce documents from the Predecessors-In-Interest.

Respectfully submitted,

Kevin J. Biron

cc: All Counsel of Record via ECF

---

[7] See, e.g., KB Home, 2010 WL 1994787, at *5 (rejecting attempt to distinguish Winnick based on type of claims); Winnick, 228 F.R.D. at 506-08 (ordering production from all assignors, including those without an interest).
[8] See RPI C.D. Cal. Compl. ¶¶ 63-64; RPI Letter to Judge Scheindlin, 14-cv-8175, Dkt. # 86 (Nov. 25, 2015).
[9] RPI Letter, at 1-2.
[10] See In re Lozano, 392 B.R. 48, 61-62 (Bankr. S.D.N.Y. 2008) ("Shcherbakovskiy, 490 F.3d 130, does not address the appropriateness of shifting the cost and burden of discovery to a plaintiff suing as agent or assignee of claims originally belonging to others. Thus, I cannot conclude that Shcherbakovskiy rejects the basis for the rulings in Winnick I or Winnick II.") The other cases cited by RPI in support of its position are similarly inapposite.
[11] See, e.g., Glover v. Costco Wholesale Corp., 153 F. App'x 774, 777 (2d Cir. 2005); Mazzei v. Money Store, 01-cv-5694-JGK, 2014 WL 3610894, at *5 (S.D.N.Y. July 21, 2014) (sanctioning party by ordering it to obtain from a third-party, at its own expense, relevant information it previously could have obtained from independent contractor that had been lost; rejecting argument that Shcherbakovskiy precluded sanction).
[12] See RPI C.D. Cal. Compl. ¶ 63. The Trustee does not admit the truth of RPI's statements referenced here.
[13] Trustee Letter, Ex. C, at 5-6.
[14] Trustee Letter, Ex. H (Judge Scheindlin Order) at 5 n.10 (citations omitted).
[15] Id., at 4-5.
[16] Trustee Letter, at 3.