# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ROYAL PARK INVESTMENTS SA/NV, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee,<br><br>Defendant. | x<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>x | Civil Action No. 1:14-cv-04394-AJN-BCM<br><br>CLASS ACTION<br><br>ROYAL PARK INVESTMENTS SA/NV'S RESPONSES AND OBJECTIONS TO NOTICE OF DEPOSITION PURSUANT TO FRCP 30(b)(6) TO PLAINTIFF ROYAL PARK INVESTMENTS SA/NV BY DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE |

1146021_1

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, Royal Park Investments SA/NV ("Royal Park") hereby responds and objects to Defendant Deutsche Bank National Trust Company's ("Deutsche Bank") Notice of Deposition Pursuant to FRCP 30(b)(6) to Plaintiff Royal Park Investments SA/NV by Defendant Deutsche Bank National Trust Company, as Trustee ("Notice") as follows:

**I.     GENERAL OBJECTIONS**

Royal Park makes the following general responses and objections ("General Objections") to each area of examination listed in the Notice. These General Objections are hereby incorporated into each specific response. Royal Park reserves the right to object to any question asked of deponent during a deposition.

1.     Royal Park objects to the Notice, including its definitions, to the extent that it seeks to impose obligations on Royal Park beyond those imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York, or the applicable Orders of this Court.

2.     Royal Park objects to the Notice, including its definitions, to the extent it seeks information that is beyond the scope of permissible discovery.

3.     Royal Park objects to the Notice, including its definitions, to the extent that it calls for information protected from disclosure by the attorney-client privilege, the work product doctrine and/or any other applicable privilege or doctrine. Inadvertent disclosure of any such information is not intended to be, and shall not operate as, a waiver of any applicable privilege, protection or immunity, in whole or in part.

4.     Royal Park objects to the Notice, including its definitions, to the extent it imposes a duty to seek information that is not known or reasonably available to Royal Park.

5. Royal Park objects to the Notice, including its definitions, to the extent it imposes a duty to seek information that is not within Royal Park's possession, custody or control.

6. Royal Park objects to the Notice, including its definitions, to the extent it seeks information that can be found in the public domain, including the pleadings in this or any other action.

7. Royal Park objects to the Notice, including its definitions, as unduly burdensome to the extent it seeks information to which Deutsche Bank has equal or greater access.

8. Royal Park objects to the Notice, including its definitions, to the extent that it seeks information that is irrelevant to any claim, defense or subject matter of the litigation, or is not reasonably calculated to lead to the discovery of admissible evidence. Royal Park will not designate a representative(s) to testify as to matters unrelated to this litigation.

9. Royal Park objects to the Notice, including its definitions, insofar as it is vague, ambiguous, unintelligible, harassing, overbroad or unduly burdensome, outside the scope of Federal Rules of Civil Procedure 26(b)(1) and/or 30, and to the extent the discovery sought is unreasonably cumulative, duplicative or disproportionate.

10. Royal Park objects to the Notice, including its definitions, to the extent that it seeks information pertaining to individual financial and tax information that is protected by Royal Park's right to financial privacy, including, but not limited to, personal financial documentation and other similar information.

11. Royal Park objects to the Notice, including its definitions, to the extent they mischaracterize the facts of this litigation or assume or imply the existence of facts or circumstances which do not and/or did not exist.

12. Royal Park objects to the Notice, including its definitions, to the extent it seeks Royal Park's response on behalf of any other entity.

13. Royal Park objects to the Notice, including its definitions, to the extent that it imposes obligations to furnish information in the possession, custody or control of persons or entities directly or indirectly employed or retained by Royal Park, or connected to Royal Park, or anyone else acting on Royal Park's behalf, who are not subject to Royal Park's control.

14. Royal Park objects to the Notice, including its definitions, to the extent it calls for a legal conclusion, a legal argument, the application of facts to law or otherwise constitutes a contention discovery request that is improper for a deposition and/or premature at this stage of the litigation and/or is invasive of the attorney work-product doctrine.

15. Royal Park objects to the Notice, including its definitions, to the extent that it fails to state with sufficient particularity the information and categories of information to be provided.

16. Royal Park objects to the Notice, including its definitions, and each Topic on which examination is requested on the grounds that the Topics are similar, if not identical, to Deutsche Bank's first, second, third, and fourth requests for production of documents, Deutsche Bank's first and second set of interrogatories and Royal Park's initial disclosures, and to the extent the parties have reached agreements regarding the scope of the requests for production of documents.

17. Royal Park objects to the definition of "Royal Park," "RPI," "You" and "Your" to the extent that the definition includes any of Royal Park's "predecessors or successors in interest (including, but not limited to, Fortis (as defined below)), parents, subsidiaries, affiliates, divisions, departments or offices, and any of its present or former members, shareholders, unitholders, directors, officers, executives, trustees, employees, agents, attorneys, representatives, investment managers, portfolio managers, advisors, investment advisors, sub-advisors, clients, customers, and

any other Person(s) acting or purporting to act on its behalf." Royal Park also objects to the definition of "Royal Park," "RPI," "You" and "Your" as overbroad, because the definition includes Royal Park's attorneys and representatives, and therefore requires Royal Park to testify regarding matters that are protected by the attorney-client privilege and the attorney work product doctrine. RPI will construe the definition of "Royal Park," "RPI," "You" and "Your" to refer solely to Royal Park.

18. Royal Park objects to the definition of "Fortis" as overbroad, unduly burdensome and/or not proportional to the needs of the case, to the extent that the definition includes "Fortis Bank SA/NV, Fortis Holding, BGL Societe Anonyme, Fortis Bank Luxembourg SA, Fortis Securities LLC, Fortis Proprietary Investment (Ireland) Limited, Fortis Park Lane Ireland Limited, and/or Fortis Bank SA/NV, Cayman Branch, BNP Paribas Fortis SA/NV, collectively, and any of their predecessors or successors in interest, parents, subsidiaries, affiliates, divisions, departments or offices, and any of their present or former members, shareholders, unitholders, directors, officers, executives, trustees, employees, agents, attorneys, representatives, investment managers, portfolio managers, advisors, investment advisors, sub-advisors, clients, customers, and any other Person(s) acting or purporting to act on their behalf." Royal Park will construe "Fortis" to refer solely to Fortis Bank SA/NV.

19. Royal Park objects to the definitions of "Certificate" and "RMBS" to the extent that they include certificates beyond those at issue in this litigation, and thus relate to information that is not relevant to any claim or defense. Royal Park will construe "Certificates" and "RMBS" to mean the certificates issued by the ten Covered Trusts at issue in *Royal Park Investments SA/NV v. Deutsche Bank National Trust Company*, No. 14-cv-04394 AJN-BCM (S.D.N.Y.).

20. Royal Park objects to the definition of "BNP Paribas" as overbroad, unduly burdensome and/or not proportional to the needs of the case, to the extent that the definition includes "BNP Paribas, BNP Paribas Fortis SA/NV, BNP Paribas USA, collectively, and any of their predecessors or successors in interest, parents, subsidiaries, affiliates, divisions, departments or offices, and any of their present or former members, shareholders, unitholders, directors, officers, executives, trustees, employees, agents, attorneys, representatives, investment managers, portfolio managers, advisors, investment advisors, sub-advisors, clients, customers, and any other Person(s) acting or purporting to act on their behalf." Royal Park will construe "BNP Paribas" to refer solely to BNP Paribas.

21. Royal Park objects to the definition of "Ageas" as overbroad, unduly burdensome and/or not proportional to the needs of the case, to the extent that the definition includes "any of its predecessors or successors in interest, parents, subsidiaries, affiliates, divisions, departments or offices, and any of its present or former members, shareholders, unitholders, directors, officers, executives, trustees, employees, agents, attorneys, representatives, investment managers, portfolio managers, advisors, investment advisors, sub-advisors, clients, customers, and any other Person(s) acting or purporting to act on its behalf." Royal Park will construe "Ageas" to refer solely to Ageas SA/NV.

22. Royal Park objects to the definition of "Societe Federale" as overbroad, unduly burdensome and/or not proportional to the needs of the case, to the extent that the definition includes "any of its predecessors or successors in interest, parents, subsidiaries, affiliates, divisions, departments or offices, and any of its present or former members, shareholders, unitholders, directors, officers, executives, trustees, employees, agents, attorneys, representatives, investment managers, portfolio managers, advisors, investment advisors, subadvisors, clients, customers, and

any other Person(s) acting or purporting to act on its behalf." Royal Park will construe "Societe Federale" to refer solely to Société Fédérale de Participations et d'Investissement S.A.

23. Royal Park objects to the definition of "Tolis" as overbroad, unduly burdensome and/or not proportional to the needs of the case, to the extent that the definition includes "any of its predecessors or successors in interest, parents, subsidiaries, affiliates, divisions, departments or offices, and any of its present or former members, shareholders, unitholders, directors, officers, executives, trustees, employees, agents, attorneys, representatives, investment managers, portfolio managers, advisors, investment advisors, sub-advisors, clients, customers, and any other Person(s) acting or purporting to act on its behalf." Royal Park will construe "Tolis" to refer solely to Tolis Advisors LP.

24. Royal Park objects to the definition of "New Oak" as overbroad, unduly burdensome and/or not proportional to the needs of the case, to the extent that the definition includes "any of its predecessors or successors in interest, parents, subsidiaries, affiliates, divisions, departments or offices, and any of its present or former members, shareholders, unitholders, directors, officers, executives, trustees, employees, agents, attorneys, representatives, investment managers, portfolio managers, advisors, investment advisors, sub-advisors, clients, customers, and any other Person(s) acting or purporting to act on its behalf." Royal Park will construe "New Oak" to refer solely to New Oak Capital LLC.

25. Royal Park objects to the definition of "Princeton" as overbroad, unduly burdensome and/or not proportional to the needs of the case, to the extent that the definition includes "any of its predecessors or successors in interest, parents, subsidiaries, affiliates, divisions, departments or offices, and any of its present or former members, shareholders, unitholders, directors, officers, executives, trustees, employees, agents, attorneys, representatives, investment managers, portfolio

managers, advisors, investment advisors, sub-advisors, clients, customers, and any other Person(s) acting or purporting to act on its behalf." Royal Park will construe "Princeton" to refer solely to Princeton Advisory Group, Inc.

26. Royal Park objects to the definition of "Parkwind" as overbroad, unduly burdensome and/or not proportional to the needs of the case, to the extent that the definition includes "any of its predecessors or successors in interest, parents, subsidiaries, affiliates, divisions, departments or offices, and any of its present or former members, shareholders, unitholders, directors, officers, executives, trustees, employees, agents, attorneys, representatives, investment managers, portfolio managers, advisors, investment advisors, sub-advisors, clients, customers, and any other Person(s) acting or purporting to act on its behalf." Royal Park will construe "Parkwind" to refer solely to Parkwind NV.

27. Royal Park objects to the definition of "ABN Amro" as overbroad, unduly burdensome and/or not proportional to the needs of the case, to the extent that the definition includes "any of its predecessors or successors in interest, parents, subsidiaries, affiliates, divisions, departments or offices, and any of its present or former members, shareholders, unitholders, directors, officers, executives, trustees, employees, agents, attorneys, representatives, investment managers, portfolio managers, advisors, investment advisors, sub-advisors, clients, customers, and any other Person(s) acting or purporting to act on its behalf." Royal Park will construe "ABN Amro" to refer solely to ABN Amro Securities (USA) Inc.

28. Royal Park objects to the definition of "Investec" as overbroad, unduly burdensome and/or not proportional to the needs of the case, to the extent that the definition includes "any of its predecessors or successors in interest, parents, subsidiaries, affiliates, divisions, departments or offices, and any of its present or former members, shareholders, unitholders, directors, officers,

executives, trustees, employees, agents, attorneys, representatives, investment managers, portfolio managers, advisors, investment advisors, sub-advisors, clients, customers, and any other Person(s) acting or purporting to act on its behalf." Royal Park will construe "Investec" to refer solely to Investec Bank UK LTD.

29. Royal Park objects to the definition of "Cede & Co." as overbroad, unduly burdensome and/or not proportional to the needs of the case, to the extent that the definition includes "any of [Cede & Co. and The Depository Trust Company's] predecessors or successors in interest, parents, subsidiaries, affiliates, divisions, departments or offices, and any of their present or former members, shareholders, unitholders, directors, officers, executives, trustees, employees, agents, attorneys, representatives, investment managers, portfolio managers, advisors, investment advisors, subadvisors, clients, customers, and any other Person(s) acting or purporting to act on their behalf." Royal Park will construe "Cede & Co." to refer solely to Cede & Co. and The Depository Trust Company.

30. Royal Park objects to the definition of "Fitch" as overbroad, unduly burdensome and/or not proportional to the needs of the case, to the extent that the definition includes "any of its predecessors or successors in interest, parents, subsidiaries, affiliates, divisions, departments or offices, and any of its present or former directors, officers, executives, trustees, employees, agents, attorneys, representatives and any other Person(s) acting or purporting to act on its behalf." Royal Park will construe "Fitch" to refer solely to Fitch Ratings, Inc.

31. Royal Park objects to the definition of "Moody's" as overbroad, unduly burdensome and/or not proportional to the needs of the case, to the extent that the definition includes "any of [Moody's Corporation and Moody's Investors Services, Inc.'s] predecessors or successors in interest, parents, subsidiaries, affiliates, divisions, departments or offices, and any of their present or

former directors, officers, executives, trustees, employees, agents, attorneys, representatives and any other Person(s) acting or purporting to act on their behalf." Royal Park will construe "Moody's" to refer solely to Moody's Corporation and Moody's Investors Services, Inc.

32. Royal Park objects to the definition of "S&P" as overbroad, unduly burdensome and/or not proportional to the needs of the case, to the extent that the definition includes "any of [The McGraw-Hill Companies, Inc. and Standard & Poor's Ratings Services'] predecessors or successors in interest, parents, subsidiaries, affiliates, divisions, departments or offices, and any of their present or former directors, officers, executives, trustees, employees, agents, attorneys, representatives and any other Person(s) acting or purporting to act on their behalf." Royal Park will construe "S&P" to refer solely to The McGraw-Hill Companies, Inc. and Standard & Poor's Ratings Services.

33. Royal Park objects to the term "Certificate Owner," as overly-broad, vague and ambiguous, and to the extent it calls for a legal conclusion.

34. Royal Park objects to the definitions of "CDO" to the extent that it includes any collateralized debt obligation beyond those at issue in this litigation, and thus relate to information that is not relevant to any claim or defense.

35. In providing information in response to the Notice, Royal Park does not in any way waive, or intend to waive, but rather intends to preserve and is preserving:

    (a) all objections as to competency, relevancy, materiality, or admissibility of any testimony;

    (b) all objections as to vagueness, ambiguity or other infirmity in the form of questions posed during the deposition;

    (c) all rights to object on any ground to the use of any of the information in any subsequent proceedings, including the trial of this or any other action;

    (d) all rights to object on any ground to any further discovery involving or relating to the subject matter of the Notice; and

    (e) any and all privileges and rights under the Federal Rules of Civil Procedure, the Local Rules of this Court or other applicable statutes, guidelines or common law.

  36. The failure to object on a particular ground or grounds shall not be construed as a waiver of Royal Park's right to object on any additional ground.

  37. Royal Park's agreement to put forth a designee(s) or designees(s)s to testify on a matter on which examination is requested is not intended to signify that Royal Park has any knowledge on that matter.

**II. SPECIFIC OBJECTIONS TO DEPOSITION TOPICS**

  The following specific objections and responses, inclusive of all subparts, are subject, and in addition, to the foregoing General Objections. By setting forth specific objections, Royal Park does not intend to limit or restrict the General Objections. To the extent Royal Park responds to the Notice, any stated objections are not waived by providing responses. Royal Park reserves the right to supplement and/or amend the specific objections set forth below.

<u>TOPIC NO. 1</u>:

  Any and all bases for Your contention that the Class should be certified in this Litigation.

<u>SPECIFIC OBJECTION TO TOPIC NO. 1</u>:

  Royal Park incorporates each of the above General Objections and further objects to this Topic to the extent that it seeks information protected by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or immunity. Royal Park further objects

- 10 -

to this Topic to the extent it calls for a legal conclusion or legal opinion from a fact witness. Royal Park also objects to this Topic to the extent it seeks testimony identical to information provided in verified responses to Deutsche Bank's interrogatories and documents produced pursuant to Deutsche Bank's requests and, thus, it is unreasonably duplicative and unduly burdensome. Royal Park further objects to this Topic to the extent that it seeks information not relevant to any party's claims or defenses. Royal Park further objects to this Topic to the extent that it seeks or requires disclosure of documents or information that are protected by the right of privacy. Royal Park objects to this Topic as vague and overly broad, as it fails to "describe with reasonable particularity" the matters on which examination is sought as required by Federal Rule of Civil Procedure 30(b)(6) ("Rule 30(b)(6)"). Royal Park further objects to the phrase "[a]ny and all bases" as vague and ambiguous.

TOPIC NO. 2:

Your alleged acquisition of, purchase of, or investment in the RPI RMBS or the RPI CDO Securities, and any alleged conveyance, transfer, and/or assignment to You of any right, title, interest, and/or claim in or relating to the RPI RMBS or the RPI CDO Securities.

SPECIFIC OBJECTION TO TOPIC NO. 2:

Royal Park incorporates each of the above General Objections and further objects to this Topic to the extent that it seeks information protected by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or immunity. Royal Park further objects to this Topic to the extent it calls for a legal conclusion or legal opinion from a fact witness. Royal Park also objects to this Topic to the extent it seeks testimony identical to information provided in verified responses to Deutsche Bank's interrogatories and documents produced pursuant to Deutsche Bank's requests and, thus, it is unreasonably duplicative and unduly burdensome. Royal Park further objects to this Topic to the extent that it seeks information not relevant to any party's claims or

defenses. Royal Park further objects to this Topic to the extent that it seeks or requires disclosure of documents or information that are protected by the right of privacy. Royal Park objects to this Topic as vague and overly broad, as it fails to "describe with reasonable particularity" the matters on which examination is sought as required by Rule 30(b)(6). Royal Park further objects to the phrase "relating to" as vague, ambiguous, and overly broad.

Subject to and without waiving the foregoing Specific and General Objections, Royal Park will make available one or more designee(s) to testify regarding this Topic.

TOPIC NO. 3:

The preservation, retention, maintenance, and/or collection of the Documents of Fortis and/or Royal Park that relate to RMBS or the RPI CDOs from January 1, 2006 until the present, including, but not limited to, "email client(s)," email custodians, email servers, email archive systems, and email backup systems, document management systems, document servers, document archive systems, and document backup systems, and including, but not limited to, the failure to preserve, retain, maintain, and/or collect any such Documents.

SPECIFIC OBJECTION TO TOPIC NO. 3:

Royal Park incorporates each of the above General Objections and further objects to this Topic to the extent that it seeks information protected by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or immunity. Royal Park also objects to this Topic to the extent it seeks testimony identical to information provided in verified responses to Deutsche Bank's interrogatories and documents produced pursuant to Deutsche Bank's requests and, thus, it is unreasonably duplicative and unduly burdensome. Royal Park further objects to this Topic to the extent that it seeks information not relevant to any party's claims or defenses. Royal Park further objects to this Topic to the extent that it seeks or requires disclosure of documents or

information that are protected by the right of privacy.  Royal Park objects to this Topic as vague and overly broad, as it fails to "describe with reasonable particularity" the matters on which examination is sought as required by Rule 30(b)(6).  Royal Park further objects to the phrases "relate[d] to," "email archive systems," "email backup systems," "document management systems," "document servers," "document archive systems," and "document backup systems" as vague and ambiguous.

Subject to and without waiving the foregoing Specific and General Objections, Royal Park will make available one or more designee(s) to testify regarding this Topic as it relates to Royal Park.

TOPIC NO. 4:

Your corporate structure and organization at all relevant times, including, but not limited to, parent companies, subsidiaries, assignors, predecessors-in-interest, shareholders, and any other affiliates or affiliated companies or entities, and the number and identities of individuals, positions, departments, committees, or other groups that had any responsibility relating to the Covered Trusts or RMBS.  As to each such individual, position, department, committee or other group:

(a)     his, her or its respective role(s);

(b)     the organizational relationships between and among itself and the Persons and groups identified above; and

(c)     the names and composition of any groups or other bodies responsible for either overseeing or supporting it.

SPECIFIC OBJECTION TO TOPIC NO. 4:

Royal Park incorporates each of the above General Objections and further objects to this Topic to the extent that it seeks information protected by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or immunity.  Royal Park further objects

to this Topic to the extent that it seeks testimony identical to documents produced pursuant to Deutsche Bank's requests and, thus, it is unreasonably duplicative and unduly burdensome. Royal Park further objects to this Topic to the extent that it seeks information not relevant to any party's claims or defenses. Royal Park further objects to this Topic to the extent that it seeks or requires disclosure of documents or information that are protected by the right of privacy. Royal Park objects to this Topic as compound, vague and overly broad, as it fails to "describe with reasonable particularity" the matters on which examination is sought as required by Rule 30(b)(6). Royal Park further objects to the phrases "structure and organization," "organizational relationships" and "overseeing or supporting" as well as the term "responsibility" as vague, ambiguous, and overly broad.

Subject to and without waiving the foregoing Specific and General Objections, Royal Park will make available one or more designee(s) to testify regarding this Topic.

DATED: May 11, 2016

ROBBINS GELLER RUDMAN
  & DOWD LLP
ARTHUR C. LEAHY
STEVEN W. PEPICH
LUCAS F. OLTS
DARRYL J. ALVARADO
CODY R. LeJEUNE
ASHLEY M. ROBINSON
HILLARY B. STAKEM
JENNIFER N. CARINGAL
JUAN CARLOS SANCHEZ
J. MARCO JANOSKI GRAY

_____
LUCAS F. OLTS

655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
CHRISTOPHER M. WOOD
414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  615/244-2203
615/252-3798 (fax)

Attorneys for Plaintiff

## DECLARATION OF SERVICE VIA E-MAIL

I, the undersigned, declare:

1. I, Lucas F. Olts, not a party to the within action, hereby declare that on May 11, 2016, I caused the following document to be served by email to the parties listed on the attached service list.

> ROYAL PARK INVESTMENTS SA/NV'S RESPONSES AND OBJECTIONS
> TO NOTICE OF DEPOSITION PURSUANT TO FRCP 30(B)(6) TO
> PLAINTIFF ROYAL PARK INVESTMENTS SA/NV BY DEFENDANT
> DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE

2. I further caused the above-listed documents to be served by United States mail on the following party:

> Bernard J. Garbutt III, Esq.
> MORGAN, LEWIS & BOCKIUS LLP
> 101 Park Avenue
> New York, NY  10178

3. There is regular communication by mail between the place of mailing and the place so addressed.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 11, 2016, at San Diego, California.

*s/ Lucas F. Olts*
LUCAS F. OLTS

1146021_1

SERVICE LIST

*Royal Park Invs.SA/NV v. Deutsche Bank Nat'l Trust Company, as Trustee*
No. 1:14-cv-4394 AJN (S.D.N.Y.)

| | |
|---|---|
| Bernard J. Garbutt III, Esq.<br>Kevin J. Biron<br>Grant MacQueen<br>MORGAN, LEWIS & BOCKIUS LLP<br>101 Park Avenue<br>New York, NY 10178<br>Tel: (212) 309-6000<br>Fax: (212) 309-6001<br>bgarbutt@morganlewis.com<br>kevin.biron@morganlewis.com<br>gmacqueen@morganlewis.com<br><br>William P. Quinn, Jr.<br>MORGAN, LEWIS & BOCKIUS LLP<br>1701 Market St.<br>Philadelphia, PA 19103-2921<br>wquinn@morganlewis.com | Tera M. Heintz<br>Ashley Krupski<br>Elizabeth A. Frohlich<br>Lyndsey C. Heaton<br>Phillip J. Wiese<br>Dustin C. Elliott<br>Rollin B. Chippey II<br>Laya Rose Kaigh<br>Dennis J. Sinclitico, Jr.<br>Brendan E. Radke<br>Ellen Woodward<br>MORGAN, LEWIS & BOCKIUS LLP<br>One Market Street<br>San Francisco, CA 94114<br>Tel: (415) 442-1000<br>Fax: (415) 442-1001<br>theintz@morganlewis.com<br>akrupski@morganlewis.com<br>efrohlich@morganlewis.com<br>lheaton@morganlewis.com<br>pwiese@morganlewis.com<br>delliott@morganlewis.com<br>rchippey@morganlewis.com<br>lkaigh@morganlewis.com<br>dsinclitico@morganlewis.com<br>bradke@morganlewis.com<br>ewoodward@morganlewis.com |
| Attorneys for Defendant Deutsche Bank National Trust Company, as Trustee | |