# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————————— x

ROYAL PARK INVESTMENTS SA/NV,          :    Civil Action No. 1:14-cv-04394-AJN-BCM
Individually and on Behalf of All Others    :
Similarly Situated,                                    :    CLASS ACTION
                                                             :
                                   Plaintiff,          :    ROYAL PARK INVESTMENTS SA/NV'S
                                                             :    RESPONSES AND OBJECTIONS TO
                       vs.                                :    NOTICE OF DEPOSITION PURSUANT TO
                                                             :    FRCP 30(b)(6) PLAINTIFF BY
DEUTSCHE BANK NATIONAL TRUST       :    DEFENDANT DEUTSCHE BANK
COMPANY, as Trustee,                          :    NATIONAL TRUST COMPANY, AS
                                                             :    TRUSTEE
                                   Defendant.       :
                                                             :
—————————————————————————— x

1163938_1

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, Royal Park Investments SA/NV ("Royal Park") hereby responds and objects to the Notice of Deposition Pursuant to FRCP 30(b)(6) to Plaintiff Royal Park Investments SA/NV by Defendant Deutsche Bank National Trust Company ("Deutsche Bank"), as Trustee ("Notice") as follows:

## I.    GENERAL OBJECTIONS

Royal Park makes the following general responses and objections ("General Objections") to each area of examination listed in the Notice.  These General Objections are hereby incorporated into each specific response.  Royal Park reserves the right to object to any question asked of the deponent during a deposition.

1.    Royal Park objects to the Notice because it fails to comply with Fed. R. Civ. P. 30(a)(2)(A)(ii) as modified by the agreed maximum of 10 topics for 30(b)(6) witnesses.  Dkt. No. 62, ¶7.  Royal Park will not designate a 30(b)(6) witness because it had already done so for the same or substantially identical topics of the 30(b)(6) deposition of Royal Park taken on May 18, 2016 ("May 18, 2016 Deposition") in the above-captioned action and leave of the Court has not been granted.

2.    Royal Park objects to the Notice as oppressive and harassing, and subjects Royal Park to undue burden or expense because there is no good cause for a Royal Park 30(b)(6) designee(s) to travel from Belgium to attend a 30(b)(6) deposition for the second time in this action, to testify for up to seven hours to a single duplicative topic which was at issue during the May 18, 2016 Deposition, and still be subject to additional 30(b)(6) depositions on other topics.

3.    Royal Park objects to the Notice, including its definitions, to the extent that it seeks to impose obligations on Royal Park beyond those imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York, or the applicable Orders of this Court.

- 1 -

4.      Royal Park objects to the Notice, including its definitions, to the extent it seeks information that is beyond the scope of permissible discovery.

5.      Royal Park objects to the Notice, including its definitions, to the extent that it calls for information protected from disclosure by the attorney-client privilege, the work product doctrine and/or any other applicable privilege or doctrine.  Inadvertent disclosure of any such information is not intended to be, and shall not operate as, a waiver of any applicable privilege, protection or immunity, in whole or in part.

6.      Royal Park objects to the Notice, including its definitions, to the extent it imposes a duty to seek information that is not known or reasonably available to Royal Park.

7.      Royal Park objects to the Notice, including its definitions, to the extent it imposes a duty to seek information that is not within Royal Park's possession, custody or control.

8.      Royal Park objects to the Notice, including its definitions, to the extent it seeks information that can be found in the public domain, including the pleadings in this or any other action.

9.      Royal Park objects to the Notice, including its definitions, to the extent that it seeks information that is irrelevant to any claim, defense or subject matter of the litigation, or is not proportional to the needs of the case.  Royal Park will not designate a representative(s) to testify as to matters unrelated to this litigation.

10.     Royal Park objects to the Notice, including its definitions, insofar as it is vague, ambiguous, unintelligible, harassing, overbroad or unduly burdensome, outside the scope of Fed. R. Civ. P. 26(b)(1) and/or 30, and to the extent the discovery sought is unreasonably cumulative, duplicative or disproportionate.

11.     Royal Park objects to the Notice, including its definitions, to the extent that it seeks information pertaining to individual financial and tax information that is protected by Royal Park's right to financial privacy, including, but not limited to, personal financial documentation and other similar information.

12.     Royal Park objects to the Notice, including its definitions, to the extent they mischaracterize the facts of this litigation or assume or imply the existence of facts or circumstances which do not and/or did not exist.

13.     Royal Park objects to the Notice, including its definitions, to the extent it seeks Royal Park's response on behalf of any other entity.

14.     Royal Park objects to the Notice, including its definitions, to the extent that it imposes obligations to furnish information in the possession, custody or control of persons or entities directly or indirectly employed or retained by Royal Park, or connected to Royal Park, or anyone else acting on Royal Park's behalf, who are not subject to Royal Park's control.

15.     Royal Park objects to the Notice, including its definitions, to the extent it calls for a legal conclusion, a legal argument, the application of facts to law, or otherwise constitutes a contention discovery request that is improper for a deposition and/or premature at this stage of the litigation and/or is invasive of the attorney work-product doctrine.

16.     Royal Park objects to the Notice, including its definitions, to the extent that it fails to state with sufficient particularity the information and categories of information to be provided.

17.     Royal Park objects to the Notice, including its definitions, and the Topic on which examination is requested, on the grounds that the Topic is similar, if not identical, to Deutsche Bank's Notice of Deposition Pursuant to 30(b)(6) to Royal Park served on April 27, 2016 ("First 30(b)(6) Notice"), Deutsche Bank's first, second, third and fourth requests for production of

- 3 -

documents, Deutsche Bank's first and second set of interrogatories and Royal Park's initial disclosures, and to the extent the parties have reached agreements regarding the scope of the requests for production of documents.

18. Royal Park objects to the definition of "Royal Park," "RPI," "You" and "Your" as overbroad, unduly burdensome and/or not proportional to the needs of the case, to the extent that the definition includes any of Royal Park's "predecessors, successors in interest, and assignors (including, but not limited to, Fortis (as defined above)), parents, subsidiaries, affiliates, divisions, departments or offices, and any of its present or former members, shareholders, unitholders, directors, officers, executives, trustees, employees, agents, attorneys, representatives, investment managers, portfolio managers, advisors, investment advisors, sub-advisors, clients, customers, and any other Person(s) acting or purporting to act on its behalf."  Royal Park also objects to the definition of "Royal Park," "RPI," "You" and "Your" as overbroad, because the definition includes Royal Park's attorneys and representatives, and therefore requires Royal Park to testify regarding matters that are protected by the attorney-client privilege and the attorney work product doctrine. RPI will construe the definition of "Royal Park," "RPI," "You" and "Your" to refer solely to Royal Park Investments SA/NV.

19. Royal Park objects to the definition of "Fortis" as overbroad, unduly burdensome and/or not proportional to the needs of the case, to the extent that the definition includes "Fortis Bank SA/NV, Fortis Holding, BGL Societe Anonyme, Fortis Bank Luxembourg SA, Fortis Securities LLC, Fortis Proprietary Investment (Ireland) Limited, Fortis Park Lane Ireland Limited and/or Fortis Bank SA/NV, Cayman Branch, BNP Paribas Fortis SA/NV, collectively, and any of their predecessors or successors in interest, parents, subsidiaries, affiliates, divisions, departments or offices, and any of their present or former members, shareholders, unitholders, directors, officers,

- 4 -

executives, trustees, employees, agents, attorneys, representatives, investment managers, portfolio managers, advisors, investment advisors, sub-advisors, clients, customers and any other Person(s) acting or purporting to act on their behalf." Royal Park will construe "Fortis" to refer solely to Fortis Bank SA/NV.

20.     Royal Park objects to the definition of "R&Ws" as vague, overbroad, unduly burdensome and/or not proportional to the needs of the case the extent it includes "any representation and/or warranty made in a GA, or in connection with a GA, concerning any Loan."

21.     Royal Park objects to the definitions of "RMBS" as overbroad, unduly burdensome and/or not proportional to the needs of the case to the extent that they include certificates beyond those at issue in this litigation, and thus relate to information that is not relevant to any claim or defense. Royal Park will construe "RMBS" to mean the certificates issued by the ten Covered Trusts at issue in *Royal Park Investments SA/NV v. Deutsche Bank National Trust Company*, No. 14-cv-04394 AJN-BCM (S.D.N.Y.).

22.     Royal Park objects to the definition of "BNP Paribas" as overbroad, unduly burdensome and/or not proportional to the needs of the case, to the extent that the definition includes "BNP Paribas, BNP Paribas Fortis SA/NV, BNP Paribas USA, collectively, and any of their predecessors or successors in interest, parents, subsidiaries, affiliates, divisions, departments or offices, and any of their present or former members, shareholders, unitholders, directors, officers, executives, trustees, employees, agents, attorneys, representatives, investment managers, portfolio managers, advisors, investment advisors, sub-advisors, clients, customers, and any other Person(s) acting or purporting to act on their behalf." Royal Park will construe "BNP Paribas" to refer solely to BNP Paribas.

23.     In providing information in response to the Notice, Royal Park does not in any way waive, or intend to waive, but rather intends to preserve and is preserving:

(a)     all objections as to competency, relevancy, materiality or admissibility of any testimony;

(b)     all objections as to vagueness, ambiguity or other infirmity in the form of questions posed during the deposition;

(c)     all rights to object on any ground to the use of any of the information in any subsequent proceedings, including the trial of this or any other action;

(d)     all rights to object on any ground to any further discovery involving or relating to the subject matter of the Notice; and

(e)     any and all privileges and rights under the Federal Rules of Civil Procedure, the Local Rules of this Court or other applicable statutes, guidelines or common law.

24.     The failure to object on a particular ground or grounds shall not be construed as a waiver of Royal Park's right to object on any additional ground.

25.     Royal Park's agreement to put forth a designee(s) or designees(s)s to testify on a matter on which examination is requested is not intended to signify that Royal Park has any knowledge on that matter.

## II.     SPECIFIC OBJECTIONS TO THE DEPOSITION TOPIC

The following specific objections and responses, inclusive of all subparts, are subject, and in addition, to the foregoing General Objections.  By setting forth specific objections, Royal Park does not intend to limit or restrict the General Objections.  To the extent Royal Park responds to the Notice, any stated objections are not waived by providing responses.  Royal Park reserves the right to supplement and/or amend the specific objections set forth below.

- 6 -

TOPIC NO. 1:

The facts and events related to Your adequacy to represent the putative Class and the typicality of Your claims with respect to the putative class including, but not limited to, Your statements and positions in other RMBS-related litigation filed by You, Your litigation(s) with Fortis and/or BNP Paribas, Your familiarity, participation and/or involvement in this Litigation, Your communications with other investors or investment banks regarding any direction, demand, or request that the Trustee take any action, and the financial arrangements and agreements between You and Your attorneys at Robbins Geller Rudman & Dowd LLP.

RESPONSE TO TOPIC NO. 1:

Royal Park incorporates each of the above General Objections and further objects to this Topic to the extent that it seeks information protected by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or immunity. Royal Park further objects to this Topic to the extent it calls for a legal conclusion or legal opinion from a fact witness. Royal Park also objects to this Topic to the extent it seeks testimony identical to the topics noticed in the First 30(b)(6) Notice, testimony provided by Royal Park in the May 18, 2016 Deposition, information provided in verified responses to Deutsche Bank's interrogatories and documents produced pursuant to Deutsche Bank's requests and, thus, it is unreasonably duplicative, cumulative and unduly burdensome. Royal Park further objects to this Topic as vague and overbroad to the extent that it seeks information not relevant to any party's claims or defenses. Royal Park also objects to this Topic as vague and overly broad, as it fails to "describe with reasonable particularity" the matters on which examination is sought as required by Fed. R. Civ. P. 30(b)(6). Royal Park further objects to the phrases, "facts and events related to Your adequacy to represent the putative Class," "typicality of Your claims with respect to the putative class," "Your statements and positions

in other RMBS-related litigation filed by You" and "Your litigation(s) with Fortis and/or BNP Paribas" as vague, ambiguous and overly broad.

Subject to and without waiving the aforementioned objections, Royal Park will not make available a designee to testify regarding this Topic.

DATED: July 11, 2016                    ROBBINS GELLER RUDMAN & DOWD LLP
                                        ARTHUR C. LEAHY
                                        STEVEN W. PEPICH
                                        LUCAS F. OLTS
                                        DARRYL J. ALVARADO


                                        _____
                                                  LUCAS F. OLTS

                                        655 West Broadway, Suite 1900
                                        San Diego, CA  92101-8498
                                        Telephone:  619/231-1058
                                        619/231-7423 (fax)
                                        artl@rgrdlaw.com
                                        stevep@rgrdlaw.com
                                        lolts@rgrdlaw.com
                                        dalvarado@rgrdlaw.com

                                        ROBBINS GELLER RUDMAN & DOWD LLP
                                        SAMUEL H. RUDMAN
                                        58 South Service Road, Suite 200
                                        Melville, NY  11747
                                        Telephone:  631/367-7100
                                        631/367-1173 (fax)
                                        srudman@rgrdlaw.com

                                        ROBBINS GELLER RUDMAN & DOWD LLP
                                        CHRISTOPHER M. WOOD
                                        414 Union Street, Suite 900
                                        Nashville, TN  37219
                                        Telephone:  615/244-2203
                                        615/252-3798 (fax)
                                        cwood@rgrdlaw.com

                                        Attorneys for Plaintiff

- 8 -

**DECLARATION OF SERVICE VIA E-MAIL**

I, the undersigned, declare:

1.       I, Karen E. Cook, not a party to the within action, hereby declare that on July 11,

2016, I caused the following document to be served by email to the parties listed on the attached

service list.

ROYAL PARK INVESTMENTS SA/NV'S RESPONSES AND
OBJECTIONS TO NOTICE OF DEPOSITION PURSUANT TO FRCP
30(B)(6) PLAINTIFF BY DEFENDANT DEUTSCHE BANK
NATIONAL TRUST COMPANY, AS TRUSTEE

2.       I further caused the above-listed documents to be served by United States mail on the

following party:

Bernard J. Garbutt III, Esq.
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY  10178

3.       There is regular communication by mail between the place of mailing and the place

so addressed.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on July 11,

2016, at San Diego, California.

_____
KAREN E. COOK

**SERVICE LIST**

*Royal Park Invs.SA/NV v. Deutsche Bank Nat'l Trust Company, as Trustee*
No. 1:14-cv-4394 AJN (S.D.N.Y.)

| | |
|---|---|
| Bernard J. Garbutt III, Esq.<br>Kevin J. Biron<br>Grant MacQueen<br>MORGAN, LEWIS & BOCKIUS LLP<br>101 Park Avenue<br>New York, NY 10178<br>Tel: (212) 309-6000<br>Fax: (212) 309-6001<br>bgarbutt@morganlewis.com<br>kevin.biron@morganlewis.com<br>gmacqueen@morganlewis.com<br><br>William P. Quinn, Jr.<br>MORGAN, LEWIS & BOCKIUS LLP<br>1701 Market St.<br>Philadelphia, PA 19103-2921<br>wquinn@morganlewis.com | Tera M. Heintz<br>Ashley Krupski<br>Elizabeth A. Frohlich<br>Lyndsey C. Heaton<br>Phillip J. Wiese<br>Dustin C. Elliott<br>Rollin B. Chippey II<br>Laya Rose Kaigh<br>Dennis J. Sinclitico, Jr.<br>Brendan E. Radke<br>Ellen Woodward<br>MORGAN, LEWIS & BOCKIUS LLP<br>One Market Street<br>San Francisco, CA 94114<br>Tel: (415) 442-1000<br>Fax: (415) 442-1001<br>theintz@morganlewis.com<br>akrupski@morganlewis.com<br>efrohlich@morganlewis.com<br>lheaton@morganlewis.com<br>pwiese@morganlewis.com<br>delliott@morganlewis.com<br>rchippey@morganlewis.com<br>lkaigh@morganlewis.com<br>dsinclitico@morganlewis.com<br>bradke@morganlewis.com<br>ewoodward@morganlewis.com |
| Attorneys for Defendant Deutsche Bank National Trust Company, as Trustee | |

1163938_1