UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x

ROYAL PARK INVESTMENTS SA/NV,
Individually and on Behalf of All Others
Similarly Situated,

                   Plaintiff,

    vs.

DEUTSCHE BANK NATIONAL TRUST
COMPANY, as Trustee,

                  Defendant.

———————————————————— x

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

Civil Action No. 1:14-cv-04394-AJN-BCM

CLASS ACTION

PLAINTIFF'S REPLY MEMORANDUM OF
LAW IN FURTHER SUPPORT OF ITS
RENEWED MOTION FOR CLASS
CERTIFICATION AND APPOINTMENT OF
CLASS REPRESENTATIVE AND CLASS
COUNSEL

1271099_1

# TABLE OF CONTENTS

**Page**

I.     Introduction ..................................................................................................1

II.    Argument .....................................................................................................1

       A.     The Proposed Class is Ascertainable ......................................................1

              1.     Ascertaining the Identity of Proposed Class Members is
                     Administratively Feasible ..........................................................1

              2.     Assignability of Litigation Claims is Not a Bar to Certification ................3

              3.     The Proposed Class Definition's Temporal Limitations Are Not a
                     Bar to Certification ..................................................................4

       B.     Common Questions Predominate ...........................................................6

              1.     DB's Statute of Limitations Defense Does Not Preclude
                     Certification ...........................................................................6

              2.     Damages Can Be Proven on a Class-Wide Basis .......................................7

              3.     Deutsche Bank Misstates the Law of Assignment and Damages .............10

III.   Conclusion ................................................................................................10

1271099_1

# TABLE OF AUTHORITIES

Page

## CASES

*Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*,
   133 S. Ct. 1184 (2013)............................................................................................8

*Barr v. McGraw-Hill*,
   710 F. Supp. 95 (S.D.N.Y. 1989)..........................................................................6

*Bronx Entm't, LLC v. St. Paul's Mercury Ins. Co.*,
   265 F. Supp. 2d. 359 (S.D.N.Y. 2003)................................................................10

*Brown v. The Hain Celestial Grp. Co.*,
   No. C 11-03082 LB, 2014 WL 6483216
   (N.D. Cal. Nov. 18, 2014)......................................................................................7

*Brown v. Kelley*,
   609 F.3d 467 (2d Cir. 2010)...................................................................................2

*Carpenters Pen. Tr. Fund of St. Louis v. Barclays PLC*,
   310 F.R.D. 69 (S.D.N.Y. 2015) .............................................................................7

*Charrons v. Pinnacle Grp. NY LLC*,
   269 F.R.D. 221 (S.D.N.Y. 2010) ........................................................................3, 4

*Comcast Corp. v. Behrend*,
   133 S. Ct. 1426 (2013)..........................................................................................7, 9

*Gregory v. Stewart's Shops Corp.*,
   No. 7:14-cv-33, 2016 U.S. Dist. LEXIS 89576
   (N.D.N.Y. July 8, 2016)..........................................................................................5

*In re Alstom SA Sec. Litig.*,
   253 F.R.D. 266 (S.D.N.Y. 2008) ...........................................................................9

*In re Elec. Books Antitrust Litig.*,
   No. 11 MD 2293(DLC), 2014 WL 1282293
   (S.D.N.Y. Mar. 28, 2014) .......................................................................................8

*In re Interpublic Sec. Litig.*,
   No. 02 Civ. 6527 (DLC), 2003 U.S. Dist. LEXIS 19784
   (S.D.N.Y. Nov. 7, 2003) .........................................................................................9

*In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*,
   241 F.R.D. 435 (S.D.N.Y. 2007) ...........................................................................5

- ii -

Page

*In re Rezulin Prods. Liab. Litig.*,
   210 F.R.D. 61 (S.D.N.Y. 2002) .........................................................................7

*In re Rodriguez*,
   695 F.3d 360 (5th Cir. 2012) ...........................................................................5

*In re Scotts EZ Seed Litig.*,
   304 F.R.D. 397 (S.D.N.Y. 2015) .....................................................................7

*In re WorldCom, Inc. Sec. Litig.*,
   219 F.R.D. 267 (S.D.N.Y. 2003) .....................................................................6

*Jermyn v. Best Buy Stores, L.P.*,
   256 F.R.D. 418 (S.D.N.Y. 2009) .....................................................................3

*Jones v. Sheahan*,
   No. 99 C 3669, U.S. Dist. LEXUS 19804
   (E.D. Ill. Nov. 4, 2003) ....................................................................................5

*Kurtz v. Kimberly-Clark Corp.*,
   No. 14-CV-1142, 2017 WL 1155398
   (E.D.N.Y. Mar. 27, 2017) .................................................................................2

*Lee v. ABC Carpet & Home*,
   236 F.R.D. 193 (S.D.N.Y. 2006) .....................................................................5

*Lehman Bros. Holdings v. Universal Am. Mortg. Co.*,
   LLC, 660 F. App'x 554 (10th Cir. 2016)..........................................................10

*Mazzei v. Money Store*,
   288 F.R.D. 45 (S.D.N.Y. 2012) .......................................................................5

*McLaughlin v. Am. Tobacco Co.*,
   522 F.3d 215 (2d Cir. 2008)...........................................................................7, 9

*Ret. Bd. of Policemen's Annuity & Benefit Fund v. Bank of N.Y. Mellon*,
   775 F.3d 154 (2d Cir. 2014).............................................................................6

*Roach v. T.L. Cannon Corp.*,
   778 F.3d 401 (2d Cir. 2015).............................................................................9

*Robidoux v. Celani*,
   987 F.2d 931 (2d Cir. 1993).............................................................................5

- iii -

**Page**

*Ruiz v. Citibank, N.A.*,
  No. 10 Civ. 5950(APF)(RLE), 2015 WL 4629444
  (S.D.N.Y. Aug. 4, 2015) ........................................................................................................5

*SR Int'l Bus. Ins. Co. v. World Trade Ctr. Props., LLC*,
  375 F. Supp. 2d 238 (S.D.N.Y. 2005) ................................................................................10

*Stinson v. City of New York*,
  282 F.R.D. 360 (S.D.N.Y. 2012) ..........................................................................................2

*Vaccariello v. XM Satellite Radio*,
  295 F.R.D. 62 (S.D.N.Y. 2011) ............................................................................................7

**STATUTES, RULES AND REGULATIONS**

Federal Rules of Civil Procedure.
  Rule 23(b)(3) .....................................................................................................................7, 8
  Rule 23(c)(4) .........................................................................................................................9

Federal Rules of Evidence
  1006 .......................................................................................................................................1

## GLOSSARY OF DEFINED TERMS

| Defined Term | Full Name |
|---|---|
| Carron Tr. | Relevant excerpts from the transcript of the Deposition of Andrew Carron taken October 14, 2016 (Exhibit D to Declaration of Lucas F. Olts in Support of Plaintiff's Reply Memorandum of Law in Further Support of Its Renewed Motion For Class Certification and Appointment of Class Representative, filed October 24, 2016); |
| Crudo Decl. | Declaration of Peter L. Crudo Re: Notice of Administration Process, dated May 1, 2017 (Exhibit H to Declaration of Lucas F. Olts in Support of Plaintiff Royal Park Investments SA/NA's Renewed Motion For Class Certification and Appointment of Class Representative, filed May 1, 2017); |
| Crudo Tr. | Relevant excerpts from the transcript of the Deposition of Peter L. Crudo taken May 18, 2017, attached to the Declaration of Lucas F. Olts in Support of Plaintiff's Reply Memorandum of Law in Further Support of Its renewed Motion For Class Certification and Appointment of Class Representative; |
| Dalrymple Rebuttal | Rebuttal Expert Report of W. Scott Dalrymple, CFA, dated May 30, 2017, attached to the Declaration of Lucas F. Olts in Support of Plaintiff's Reply Memorandum of Law in Further Support of Its Renewed Motion For Class Certification and Appointment of Class Representative; |
| Dalrymple Report | Expert Report of W. Scott Dalrymple, CFA, dated May 1, 2017 (Exhibit G to Declaration of Lucas F. Olts in Support of Plaintiff Royal Park Investments SA/NA's Reply Memorandum of Law in Further Support of Its Renewed Motion For Class Certification and Appointment of Class Representative, filed May 1, 2017); |
| DB | Deutsche Bank National Trust Company; |
| Dolan | Relevant excerpts from the transcript to the Deposition of John Dolan taken October 11, 2016 (Exhibit C to Declaration of Lucas F. Olts in Support of Plaintiff's Reply Memorandum of Law in Further Support of Its Renewed Motion For Class Certification and Appointment of Class Representative, filed October 24, 2016); |
| DTC | The Depository Trust Company; |
| EODs | Event of Default; |
| Mot. | Plaintiff Royal Park Investments SA/NV's Memorandum of Law in Support of Its Renewed Motion For Class Certification and Appointment of Class Representative and Class Counsel, filed May 1, 2017; |
| MTD Order | Memorandum and Order, Dkt. No. 100, filed February 3, 2016; |
| Olts Decl. | Declaration of Lucas F. Olts in Support of Plaintiff Royal Park Investments SA/NV's Memorandum of Law in Support of Its Renewed Motion For Class Certification and Appointment of Class Representative and Class Counsel, filed May 1, 2017; |
| Opp. | Memorandum of Law of Defendant Deutsche Bank National Trust |

| | |
|---|---|
| | Company, as Trustee, in Opposition To Motion For Class Certification And  Appointment of Class Representative and Class Counsel of Royal Park Investments SA/NV; |
| Orig. Mot. | Plaintiff Royal Park Investments SA/NV's  Memorandum of Law in Support of Its Motion For Class Certification and Appointment of Class Representative and Class Counsel, filed June 8, 2016; |
| Orig. Reply | Plaintiff Royal Park Investments SA/NV's Reply Memorandum of Law in Further Support of Its Motion For Class Certification and Appointment of Class Representative and Class Counsel, filed October 24, 2016; |
| R&W | Representation & Warranty; and |
| RPI | Royal Park Investments SA/NA. |

## I.      Introduction

RPI has demonstrated that the evidence of DB's liability is common to all class members, as the existence of DB's breaches of contract and trust, when those breaches occurred, DB's knowledge of R&W violations and EODs, and how the Trusts were damaged, are fundamental questions of fact common to the Class and that are subject to class-wide proof.  Mot. at 16-17.  DB does not dispute this, and instead raises a series of incorrect and irrelevant arguments regarding the ascertainability of class members.  Opp. at 4-13.  As set forth in the Motion and below, class members may be identified using: (1) the records of DTC or DB itself, with whom every potential class member or their representative has been registered; and (2) a notice and claims process, which is used in every securities class action to apprise investors of the pendency of the action, assess individual trading records and resolve any disputes regarding individual claims.  There are simply no issues regarding ascertainability presented here that distinguish this case from thousands of other certified classes. RPI's Motion should be granted.

## II.     Argument

### A.      The Proposed Class is Ascertainable

#### 1.      Ascertaining the Identity of Proposed Class Members is Administratively Feasible

RPI's Motion established that beneficial holders of the Certificates are readily identifiable through transaction records, and, in fact, many have already been identified.  Mot. at 4-12.  DTC has produced records of every payment it made in connection with these certificates.[1]  Olts Decl., ¶3.

---

[1]     DB received a copy of the spreadsheet provided by DTC over a year ago in April 2016.  Contrary to DB's contentions, there was no "analysis" involved in identifying the number of DTC Participants.  Opp. at 7.  Their identities are listed in the spreadsheet itself.  Olts Decl., ¶3.  The "amount and timing of cash distributed" (Opp. at 7) is similarly listed on the spreadsheet.  And the losses incurred on the Certificates is publicly-available data, all of which DB has access to, or even created itself as trustee.  *Id.*  The summaries attached to the Olts Decl. are therefore admissible under Fed. R. Evid. 1006 as a summary of voluminous data.  *See* Plaintiff's Response to Defendant's Objections to Evidence Submitted in Support of Plaintiff's Renewed Motion for Class Certification, filed May 30, 2017.  Tellingly, in spite of DB's rhetoric, it does not challenge the accuracy of this data in any way.

Those records identify DTC Participants that received over **99%** of the payments made in connection

with the Certificates at issue.  Olts Decl., ¶5.  And the DTC Participants already subpoenaed have

provided trading records actually identifying numerous beneficial owners.  Olts Decl., ¶¶7-8. Using

these records, along with the straightforward notice and claims process universally applied in class

actions, the proposed class members are easily ascertained.  Crudo Decl., ¶¶13, 15-17; Dalrymple

Rebuttal, ¶¶13-17; Mot. at 4-9; *Kurtz v. Kimberly-Clark Corp*., No. 14-CV-1142, 2017 WL

1155398, at *45 (E.D.N.Y. Mar. 27, 2017).[2]

Rather than rebut the ascertainability of the proposed class, DB raises speculative and legally

irrelevant arguments. ***First***, DB wrongly claims that no Second Circuit law supports certification.

Opp. at 4-6.  In truth, Second Circuit law is clear that where common questions of law and fact exist

for all class members (as here), the mere specter of "mini-trials" does not prevent certification.  *See*

*Stinson v. City of New York*, 282 F.R.D. 360, 378-79 (S.D.N.Y. 2012) (citing *Brown v. Kelley*, 609

F.3d 467 (2d Cir. 2010)) (where "common questions are applicable to Plaintiffs' claims, and each

individual plaintiff's allegations are linked by a single theory . . . Defendants' contention that mini-

trials are required to ascertain which individuals belong in the class is insufficient to defeat class

certification.").[3]  Critically, DB does not contest that liability to ***all*** class members is subject to

common proof.

***Second***, DB's expert, Dolan, offers speculative opinions that do nothing to assist the Court's

analysis.  Dolan's statement that investors may not know from whom they purchased Certificates is

irrelevant, as RPI has demonstrated with evidence that all investors registered their purchases with

---

[2]     DB's attempts to distinguish RPI's authorities fail.  Opp at 5-6.  In *Kurtz*, for example, the court considered many of
the same issues DB raises here, and held there was no need for a "mini trial" to determine a purchaser's motivations to
determine class membership, electronic purchase records could be used to identify class members and "ascertainability
of class membership can be readily determined by a claims filing procedure provided under court directions."  2017 WL
1155398, at *44-*45.

[3]     DB ignores the voluminous in-circuit case law pre-*Brecher*, even though *Brecher* simply reaffirmed the existing
ascertainability requirement.  Mot. at 4-5; Opp at 5.

DTC, or are known to DB, and that class members can easily be identified through those records and the typical claims process.  Opp. at 6; Mot. at 6-9.  Likewise, Dolan's  contention that "RMBS bought outside the United States *may* be held in book name by a foreign equivalent of the DTC" is not based on any actual analysis. There is no evidence whatsoever that any "foreign equivalent of the DTC" received payments on these Certificates; the evidence is to the contrary.  Opp. at 8 (citing Dolan, ¶47); Olts Decl., ¶5.  And Dolan's observation concerning the dispersion of beneficial owners is irrelevant where, as here, there is no evidence that any trading records cannot be located; in fact many of them have already been produced. Olts Decl., ¶¶7-8; Dalrymple Rebuttal, ¶¶13-17.

### 2.    Assignability of Litigation Claims is Not a Bar to Certification

DB's argument concerning assignments is a straw-man concocted solely for the purpose of avoiding class certification.  *Every* litigation claim is assignable, and if a plaintiff was required to show at this stage whether claims were assigned, and to whom, then no class could ever be certified.[4] DB offers no authority or evidence to the contrary.  Mot. at 12.  This is why courts deny certification on ascertainability grounds only where mini-hearings *and* the application by the court of a subjective criteria would necessarily be required to identify *all* class members.  *Jermyn v. Best Buy Stores, L.P.*, 256 F.R.D. 418, 433 (S.D.N.Y. 2009) (class is not ascertainable where court would be required "to make a number of subjective determinations for each member to determine whether" they were a class member); *Charrons v. Pinnacle Grp. NY LLC*, 269 F.R.D. 221, 229 (S.D.N.Y. 2010) ("'A class is ascertainable when defined by objective criteria that are administratively feasible,' [. . .] and when identifying its members 'would not require a mini-hearing on the merits of each case.'")[5] (cited with approval in *Brecher*).

---

[4]    As the Court held, "class members need not actually 'be ascertained prior to certification . . . .'" Dkt. No. 350 at 30.

[5]    Here, as elsewhere, unless noted otherwise, emphasis is added and citations omitted.

Here, DB has pointed to no subjective criteria involved in determining whether an individual is a class member, and there is no basis to conclude that court intervention will be required to identify any class member, let alone a '"mini-hearing on the merits of each case.'" *Id.* DB's failure to provide *any* authority barring class certification on grounds a claim may have been assigned, or because assignments would necessitate court adjudication, is contrasted by the ***evidence*** submitted by RPI. Mot. at 8-9; *see also* Crudo Tr. at 40:23-41-1; 68-1:67-8 (questions as to the rightful claimant in the context of administration in a class action recovery come up routinely in their work, and that there are "a lot of different scenarios by which we have to vet out whether or not the filer, the claimant, is actually the rightful filer and entitled to" pursue a claim). Crudo also testified that Gilardi reviews a variety of data to resolve such disputes, as well as consulting counsel and reaching out to institutional entities involved for more information. Crudo Tr. at 58:15-59:7; 80:8-81:12. Crudo also confirmed that in his ten years working at Gilardi, he could not recall ever "having one of these issues escalate to a court." Crudo Tr. at 67:7-8. This same process can be applied here, and the existence of potential assignments does not defeat commonality or ascertainability.[6]

### 3.   The Proposed Class Definition's Temporal Limitations Are Not a Bar to Certification

The proposed class period's time limitations satisfy *Brecher* and this Court's concern that, without *any* temporal limitation, ascertainability obstacles may have been exacerbated. Mot. at 3-4.

---

[6]        Crudo's declaration and testimony provide strong evidence that DB's contentions regarding mini-trials have no basis in reality, as any such issues are routinely resolved without court intervention during a claims process. DB's straw-man critics of Crudo do nothing to detract from his testimony. No one has ever suggested that the class definition alone should be used to "identify class members," nor it is a claims administrator's responsibility to draft a plan of allocation. *See* Mot. at 9; Opp. at 9. DB's contention that Crudo could not distinguish between investments with the same CUSIPs is misleading. *Id.* In fact, Crudo testified that "I think we could determine it," and again described Gilardi's process for resolving claim exceptions. Crudo Tr. at 80:8-82:23. Shortly thereafter, and apparently not pleased with Crudo's testimony, DB abruptly ended the deposition. Contrary to DB's contentions regarding tracing "the transfer of beneficial interests," (Opp. at 9) Crudo testified that "in every securities case that we do . . . we do get duplicates and variants and transfers that we deal with." Crudo Tr. at 43:1-6. Nor did Crudo state that he had no understanding of the proposed class. Opp. at 9 n.8. In fact, he testified that it involved holders of the trusts from roughly 2007 to the present, but that he could not recite the exact definition "off the top of my head." Crudo Tr. at 22:19-23:2.

- 4 -

DB uses the temporal limitations requested by the Court to raise critiques of Dalrymple's numerosity analysis, stating he has not yet proven which beneficial owners were harmed by DB's conduct.  Opp. at 10-11.  But numerosity is presumed where there are at least 40 class members and DB's contention that no class member can be **counted** for purposes of numerosity until it is **proven** to be an eligible claimant is not the law.  *See Robidoux v. Celani*, 987 F.2d 931, 935 (2d Cir. 1993) ("Courts have not required evidence of exact class size or identity of class members to satisfy the numerosity requirement."); *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 203 (S.D.N.Y. 2006) ("Although the number of plaintiffs might change [the putative class of 44], it currently is at least 40, and thus numerosity is presumed.").[7]

DB's recycled claim of "an unworkable fail-safe class" has already been rejected by the Court.  Dkt. No. 350 at 25.  A fail-safe class definition would require members be damaged "as a result of the conduct for which [DB] is **found liable**."  *See Gregory v. Stewart's Shops Corp.*, No. 7:14-cv-33 (TJM/ATB), 2016 U.S. Dist. LEXIS 89576, at *64-*65 (N.D.N.Y. July 8, 2016); *Jones v. Sheahan*, No. 99 C 3669, U.S. Dist. LEXUS 19804, at *64 (E.D. Ill. Nov. 4, 2003); *In re Rodriguez*, 695 F.3d 360, 369-70 (5th Cir. 2012).[8]  The proposed class here does not contain any language presupposing liability, but merely links putative class members' alleged injuries to the particular misconduct ascribed to DB in the Complaint, exactly as the Court directed.  *See* Mot. at 1; Dkt. No. 350 at 25.

---

[7]    Even assuming *arguendo* that a full half of the potential class members identified by Dalrymple were to be excluded, there would still be more than 290 putative class members.  Dalrymple Report at 19; *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 241 F.R.D. 435, 442 (S.D.N.Y. 2007) (emphasizing that courts "'may make common-sense assumptions that support a finding of numerosity'").

[8]    The cases cited by DB do not suggest otherwise.  *See Mazzei v. Money Store*, 288 F.R.D. 45, 55 (S.D.N.Y. 2012) (class definition including language that attorneys' fees at issue "'were not permitted'" constituted fail-safe class because it required merits, not standing, determinations before class members could be identified); *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950(APF)(RLE), 2015 WL 4629444, at *7 (S.D.N.Y. Aug. 4, 2015) (finding it inappropriate to modify state-law employment law classes to specifically exclude members that "were not improperly denied overtime").

B.      **Common Questions Predominate**

Numerous questions of law and fact central to the determination of DB's liability are capable of class-wide resolution.  *See* Orig. Mot. at 8-10, 14-19. These fundamental questions are subject to common proof regardless of whether breaches and EODs "'must be established loan-by-loan and trust-by-trust,'" as DB asserts.  Opp. at 23.  DB concedes that each Trust is governed by a single set of Governing Agreements, and that the Governing Agreements for all Covered Trusts contain "substantially identical terms."  Orig. Mot. at 9.  DB also utilized common, company-wide policies and procedures that dictated its employees' actions.  *See id.*  Further, the majority of the Trusts were serviced by one of only a few Master Servicers – Wells Fargo acted as Master Servicer for seven of the ten Covered Trusts – and only a handful of Servicers, many of which overlapped across the Trusts.  *See* Complaint, ¶149.  Finally, experts can assess class-wide damages in a "formulaic manner," which is necessary to achieve a consistent result from one investor to the next.  Dalrymple Report, ¶66.  *Every* putative class member – whether litigating individually or as part of a class – must answer these crucial and identical questions.[9]

1.      **DB's Statute of Limitations Defense Does Not Preclude Certification**

RPI responded to DB's statute of limitations arguments in its original reply.  *See* Orig. Reply at 5-6.  As DB concedes, class members' ownership interests are "legally held through DTC," in the name of its nominee, Cede & Co.  *See* Opp. at 7.  As such, the applicable statute of limitations *for the entire class* is that which applies to Cede & Co., a New York corporation.  *See Barr v. McGraw-Hill*, 710 F. Supp. 95, 98 (S.D.N.Y. 1989).  In any event, "'the mere fact that [an affirmative statute of limitations defense] may arise and may affect different class members differently does not compel

---

[9]     DB does not dispute the existence of these common questions.  Instead, it undertakes a lengthy and distracting discussion of *Ret. Bd. of Policemen's Annuity & Benefit Fund v. Bank of N.Y. Mellon*, 775 F.3d 154 (2d Cir. 2014), a case discussing standing at the motion to dismiss phase without any clear application to the common questions presented in RPI's motion for class certification.  Opp. at 23-24.

a finding that individual issues predominate over common ones.'" *In re WorldCom, Inc. Sec. Litig.*, 219 F.R.D. 267, 303 (S.D.N.Y. 2003).[10]  DB fails to cite a case that denied certification purely because of possible statute of limitations variations.  Such a result would be particularly inappropriate here given the overwhelming common questions.[11]

### 2.      Damages Can Be Proven on a Class-Wide Basis

RPI has established that damages in this case can be calculated on a class-wide basis.  Mot. at 18-19.  Dalrymple explains that damages can be measured by using liability determinations – which would first be resolved on a class-wide basis and then incorporated into his damages model and allocated to the Certificates.  *See* Dalrymple Report, ¶¶30-39; 52-66; Dalrymple Rebuttal, ¶¶37-39. These proposed methodologies clearly meet the low threshold required for commonality. *Carpenters Pen. Tr. Fund of St. Louis v. Barclays PLC*, 310 F.R.D. 69, 99 (S.D.N.Y. 2015) (certifying class despite "significant obstacles to proving damages" because "[p]laintiffs' model survives the ***minimal scrutiny*** required under *Comcast* and Rule 23(b)(3)").[12]  That DB disagrees with the merits of RPI's proposed expert damages framework, which will be utilized during the

---

[10]    DB relies heavily on *Commerzbank AG v. Deutsche Bank Nat'l Trust Co.*, to support its claim that the Court lacks the capacity to evaluate multiple limitations periods at once.  On the contrary, Judge Koeltl noted the inefficiency of assessing similar claims separately instead of together, saying "[t]he motion to dismiss presents the feeling of déjà vu" because it mirrored a motion in a related case.  No. 15-cv-10031(JGK), 2017 WL 564089, at *1 (S.D.N.Y. Feb. 10, 2017).

[11]    The application of any statute of limitation will still be formulaic and subject to common proof, as commencement depends upon the timing of ***DB's*** breach of R&W or EOD.  DB's cases are inapposite because in each, the affirmative defenses were predicated on individualized issues of plaintiffs' knowledge.  *See McLaughlin v. Am. Tobacco Co.*, 522 F.3d 215 (2d Cir. 2008) (statute of limitations defense required individual proof where statute began based on individual plaintiffs' discovery of alleged fraud); *Vacariello v. XM Satellite Radio*, 295 F.R.D. 62, 67-68 (S.D.N.Y. 2011) (issues of individual plaintiffs' knowledge implicated by voluntary payment doctrine); *In re Rezulin Prods. Liab. Litig.*, 210 F.R.D. 61, 67 (S.D.N.Y. 2002) (individual issues as to whether each plaintiff followed doctor's instructions with regard to drug usage).

[12]    Contrary to DB's suggestion, RPI need not calculate damages at this stage.  *See In re Scotts EZ Seed Litig.*, 304 F.R.D. 397, 414 (S.D.N.Y. 2015) ("nothing in *Comcast* requires an expert to perform his analyses at the class certification stage"); *Brown v. The Hain Celestial Grp. Co.*, 2014 WL 6483216, at *19 (N.D. Cal. Nov. 18, 2014) ("The point for Rule 23 purposes is to determine whether there is an acceptable class-wide [damages] approach, not to actually calculate under that approach before liability is established.").

expert discovery, summary judgment, and trial phases, is not a basis to deny class certification.[13]

*See Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 133 S. Ct. 1184, 1191 (2013) ("the office of a Rule

23(b)(3) certification ruling is not to adjudicate the case; rather, it is to select the 'method' best

suited to adjudication of the controversy 'fairly and efficiently'"); *see also* Dalrymple Rebuttal,

¶¶35-39; Opp. at 17-18.

Further, speculative arguments regarding damage offsets, such as those alleged by DB, do

"not inject a need for 'individualized inquiry for each . . . class member[]' . . . [as the] disputes

concerning the existence and relevance of [offsets] are themselves susceptible to class-wide

argument and proof." *Id.* at *20.   DB provides scant support that the factors allegedly left

unconsidered by Dalrymple renders his methodology inadequate, but in any event, his methodology

allows for consideration of ***all relevant inputs*,** including the incorporation of any "factors" if

established by legal or factual determinations, on the question of damages.  *See* Dalrymple Report,

¶56 n.34; Dalrymple Rebuttal, ¶¶35-39.[14]  Regardless, any uncertainty regarding damages is legally

irrelevant, as "'the wrongdoer shall bear the risk of the uncertainty which his own wrong has

created.'"  *In re Elec. Books Antitrust Litig.*, No. 11 MD 2293(DLC), 2014 WL 1282293, at *16

(S.D.N.Y. Mar. 28, 2014).[15]

Confronted with Dalrymple's class-wide damages methodology, DB argues that damages

allocation issues bar certification.  Opp. at 21-23.  But as Dalrymple explains, "the allocation of

---

[13]   DB also filed a motion to exclude the Dalrymple Report, Dkt. No. 379, which is wholly without merit and will be opposed by RPI.

[14]   Indeed, DB's Carron admitted that "the questions about whether breaches were discovered, when they were discovered, whether repurchases would have occurred, those aspects occur loan by loan.  ***And so, yes, they would be present; whether it was an individual action or a class action*.**"  Carron Tr. at 115:7-15; s*ee also id.* at 75:16-24; Dalrymple Rebuttal, ¶39.

[15]   DB attempts to rebut the application of the "wrongdoer" rule of damages by asserting that it does not apply when the ***existence*** of damages is uncertain.  Whether or not a particular certifcate holder is entitled to damages is irrelevant to DB's argument that speculative offsets create uncertainty as to the extent and timing of the class-wide damages caused by DB.

damages associated with a security (a Certificate in this case) to individual class members, based on the timing and amounts of their holdings of the security, is a typical feature of a securities class action." Dalrymple Rebuttal, ¶28. Indeed, any inquiries concerning damages allocation "'will become an intra-class matter accomplished pursuant to a court-approved plan of allocation, and such individual damages allocation issues are insufficient to defeat class certification.'" *In re Alstom SA Sec. Litig.*, 253 F.R.D. 266, 277 (S.D.N.Y. 2008); *In re Interpublic Sec. Litig.*, No. 02 Civ. 6527 (DLC), 2003 U.S. Dist. LEXIS 19784, at *15-*16 (S.D.N.Y. Nov. 7, 2003).

DB's remaining arguments ignore RPI's proposed methodology, misstate the law, mischaracterize Dalrymple's testimony, and raise irrelevant issues. Opp. at 19-22. In *Comcast Corp. v. Behrend*, 133 S. Ct. 1426 (2013), the Supreme Court held that a damages methodology must be "capable" of measuring damages "attributable to" or "resulting from" the plaintiff's theory of liability. 133 S. Ct. at 1433; *see also Roach v. T.L. Cannon Corp.*, 778 F.3d 401, 407 (2d Cir. 2015). RPI's proposed damages methodology would measure *only* those class-wide damages arising from breaches for which DB is found liable and then apportion them to the damaged certficate holders; therefore it is directly tied to RPI's theory of liability. Opp. at 21-23; Dalrymple Rebuttal, ¶¶26-30, 35-39.[16]

Finally, DB does not dispute, and therefore concedes, that even if RPI had not demonstrated damages are calculable on a class-wide basis, which they are, certification would nevertheless be appropriate pursuant to Fed. R. Civ. P. 23(c)(4). Mot. at 17.

---

[16] The fact that Dalrymple's methodology would assume DB's liability is unremarkable. As Carron admitted in his deposition, "[w]ith respect to damages calculations, experts are *typically asked to assume liability*." Carron Tr. at 97:2-4. For this reason, DB's argument that the damages methodology would violate the Rules Enabling Act is baseless. Opp. at 22-23. Nor does Dalrymple's methodology only allow for allocation to certificates, as opposed to class members, as DB claims. Dalrymple Rebuttal, ¶¶26-28. *McLaughlin*, 522 F.3d at 231, which decertified a class of people who smoked "light" cigarettes for damages which "b[ore] little or no relationship to the amount of economic harm actually caused by defendants," is totally inapplicable here. As Dalrymple explains, and DB's experts admit, all class members can be identified through trading records and exact damages allocated to them. Dalrymple Rebuttal, ¶17.

- 9 -

### 3. Deutsche Bank Misstates the Law of Assignment and Damages

DB cites no authority holding that the date of assignment cuts off an assignor's pre-assignment damages or waives the assignee's rights to collect damages accruing post-assignment. *See SR Int'l Bus. Ins. Co. v. World Trade Ctr. Props., LLC*, 375 F. Supp. 2d 238, 240-41 (S.D.N.Y. 2005) (permitting accrued post-assignment loss claims to be included in recoverable damages). Unlike *Bronx Entm't, LLC v. St. Paul's Mercury Ins. Co.*, 265 F. Supp. 2d. 359 (S.D.N.Y. 2003), where an insurer prohibited the assignment of post-assignment loss claims, here, the Governing Agreements do not limit assignments. *See SR Int'l*, F. Supp. 2d at 247 (distinguishing *Bronx*); MTD Order, Dkt. No 100, at 5.  DB has identified no instance where RPI has asserted rights in excess of those available to its assignors for pre-assignment claims.[17]  And for post-assignment claims, RPI sues on its own behalf.  Furthermore, if damages are calculated at the time of the breach as DB asserts, there would be no post-assignment damages to RPI to collect post-breach.  Accordingly, assignment does not inject any individual issues, let alone a predominate one to the case.

## III. Conclusion

Plaintiff's Motion should be granted in its entirety.

DATED:  May 30, 2017                              Respectfully submitted,

                                                 ROBBINS GELLER RUDMAN
                                                   & DOWD LLP
                                                 ARTHUR C. LEAHY
                                                 STEVEN W. PEPICH
                                                 LUCAS F. OLTS
                                                 DARRYL J. ALVARADO


                                                 s/ LUCAS F. OLTS
                                                 LUCAS F. OLTS

---

[17]    The shortcoming in *Lehman Bros. Holdings v. Universal Am. Mortg. Co.*, LLC, 660 F. App'x 554, 560 (10th Cir. 2016), is not present here.  In *Lehman*, the assignee was not suing for breaches that accrued after assignment. *Id.*  It was free to sue standing in the shoes of its assignor, and would have been permitted to sue on its own behalf if the breaches occurred post-assignment.  *See id.*

655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
artl@rgrdlaw.com
stevep@rgrdlaw.com
lolts@rgrdlaw.com
dalvarado@rgrdlaw.com

ROBBINS GELLER RUDMAN
   & DOWD LLP
SAMUEL H. RUDMAN
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com

ROBBINS GELLER RUDMAN
   & DOWD LLP
CHRISTOPHER M. WOOD
414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  615/244-2203
615/252-3798 (fax)
cwood@rgrdlaw.com

Attorneys for Plaintiff

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 30, 2017, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on May 30, 2017.

s/ LUCAS F. OLTS
LUCAS F. OLTS

ROBBINS GELLER RUDMAN
   & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail: lolts@rgrdlaw.com

1271099_1

**Mailing Information for a Case 1:14-cv-04394-AJN-BCM Royal Park Investments SA/NV v. Deutsche Bank National Trust Company**

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Darryl J. Alvarado**
  dalvarado@rgrdlaw.com,nhorstman@rgrdlaw.com

- **Kevin James Biron**
  kevin.biron@morganlewis.com,robert.thompson@morganlewis.com,nymanagingclerk@morganlewis.com

- **Rollin Bernard Chippey**
  rchippey@morganlewis.com,robert.thompson@morganlewis.com

- **Paul Fattaruso , II**
  pfattaruso@bsfllp.com

- **Joseph Edward Floren**
  joseph.floren@morganlewis.com

- **Elizabeth Allen Frohlich**
  efrohlich@morganlewis.com,cristina.ashba@morganlewis.com,lucy.wang@morganlewis.com,jowyang@morganlewis.com,pwiese@morganlewis.com

- **Bernard J. Garbutt , III**
  bgarbutt@morganlewis.com,melissa.feig@morganlewis.com,anna.goldenhersh@morganlewis.com,robert.thompson@morganlewis.com,nymanagingclerk@morganlewis.com,jennifer.walker@morganlewis.com

- **Bryan P. Goff**
  bryan.goff@morganlewis.com,melissa.feig@morganlewis.com,nymanagingclerk@morganlewis.com,lawrence.stanley@morganlewis.com,jennifer.walker@morganlewis.com

- **Tera Marie Heintz**
  theintz@morganlewis.com,dlang@morganlewis.com,ewoodward@morganlewis.com

- **Robin Ann Henry**
  rhenry@bsfllp.com,mholness@bsfllp.com

- **Joseph Marco Janoski Gray**
  mjanoski@rgrdlaw.com,tdevries@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Peter R. Jerdee**
  pjerdee@jhany.com

- **Gregory P. Joseph**
  gjoseph@jhany.com

- **Ashley Anelcha Krupski**
  akrupski@morganlewis.com

- **Arthur C. Leahy**
  artl@rgrdlaw.com,karenc@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jonathan Herman Levy**
  jonathan.levy@morganlewis.com,nymanagingclerk@morganlewis.com

- **Grant R. MacQueen**
  gmacqueen@morganlewis.com

- **Lucas F. Olts**
  lolts@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Steven W. Pepich**
  stevep@rgrdlaw.com

- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com,mblasy@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Juan Carlos Sanchez**
  jsanchez@rgrdlaw.com

- **Regina Schaffer-Goldman**
  rschaffer-goldman@morganlewis.com,nymanagingclerk@morganlewis.com

- **Kevin S. Sciarani**
  ksciarani@rgrdlaw.com,tdevries@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Nathan Todd Shapiro**
  nathan.shapiro@morganlewis.com

- **Motty Shulman**
  mshulman@bsfllp.com,NYC_Managing_Clerk@bsfllp.com,mpoppito@bsfllp.com

- **Gila Sara Singer**
  gsinger@jha.com

- **Christopher James Stanley**
  cstanley@jha.com

- **Jeffrey James Stein**
  jstein@rgrdlaw.com

- **John Michael Vassos**
  jvassos@morganlewis.com,nymanagingclerk@morganlewis.com

- **Christopher M. Wood**
  cwood@rgrdlaw.com,HDeshmukh@rgrdlaw.com,e_file_sf@rgrdlaw.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)