**Robbins Geller Rudman & Dowd LLP**

| Atlanta | Chicago | Melville | Philadelphia | San Francisco |
| Boca Raton | Manhattan | Nashville | San Diego | Washington, DC |

Lucas F. Olts
lolts@rgrdlaw.com

August 10, 2017

The Honorable Barbara C. Moses          VIA ECF
Southern District of New York
500 Pearl Street, Room 920
New York, NY  10007

      Re:    *Royal Park Investments SA/NV v. Deutsche Bank National Trust Company*
             No. 1:14-cv-04394-AJN-BCM (S.D.N.Y.)

Dear Judge Moses:

      We write on behalf of plaintiff Royal Park Investments SA/NV ("RPI") to respectfully request an order compelling defendant Deutsche Bank National Trust Company ("Deutsche Bank") to: (a) amend its "traditional" and "metadata" privilege logs to comport with Local Civil Rule ("LR") 26.2; and (b) withdraw its privilege claims and produce all documents that have been improperly withheld under the "bank examiner privilege."

      **BACKGROUND**.  On May 15, 2017, Deutsche Bank served RPI with its "traditional" and "metadata" privilege logs[1] demonstrating that it has withheld or redacted at least 11,329 documents to date on the grounds of attorney-client privilege, the work product doctrine and the bank examiner privilege.  *See* Ex. A; Ex. B (excerpts of traditional log); Ex. C (excerpts of metadata log).  RPI had previously exchanged numerous correspondences with Deutsche Bank on the subject of privilege logs, and its repeated concerns with Deutsche Bank's proposed methodology have proven to be well founded.  Deutsche Bank's traditional and metadata logs fall woefully short of providing the necessary information under the local rules for RPI to adequately assess Deutsche Bank's claims of privilege, with countless entries missing basic essential information like author, addressee and general subject matter.  Moreover, both logs reveal that Deutsche Bank has been improperly withholding more than 1,000 documents under the bank examiner privilege – a qualified privilege that Deutsche Bank has no standing to assert.

      In a July 11, 2017 letter, RPI identified these issues and requested that Deutsche Bank amend its logs and withdraw its improper bank examiner privilege claims by July 28.  Ex. D.  Deutsche Bank did not respond to the letter, and despite RPI's attempts to meet and confer on the

---

[1] According to Deutsche Bank, the metadata log "relates to the documents produced as electronically-stored information," whereas the traditional log "relates to the documents produced from hard copy or from other forms without significant metadata."  Ex. A.

**Robbins Geller Rudman & Dowd LLP**

The Honorable Barbara C. Moses
August 10, 2017
Page 2

issue, Deutsche Bank has failed to provide any justification for the deficiencies in its logs or the assertion of the bank examiner privilege. Ex. E.

**Deutsche Bank's Privilege Logs Do Not Comply with the Local Rules and Make It Impossible to Ascertain Whether a Valid Privilege Exists**

In this District, any party withholding documents due to privilege must identify: (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the "author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other." LR 26.2(a)(2)(A); Fed. R. Civ. P. 26(b)(5)(A); *see also Bowne of New York City, Inc. v. Ambase Corp.*, 150 F.R.D. 465, 474 (S.D.N.Y. 1993) (privilege log must give sufficient detail "to permit a judgment as to whether the document is at least potentially protected from disclosure"); *United States v. Constr. Prods. Research, Inc.*, 73 F.3d 464, 473 (2d Cir. 1996) (descriptions lacking details to support privilege claim are inadequate).

*The "Traditional" Log Is Missing Essential Information*. Deutsche Bank's traditional log fails to provide key basic information necessary to evaluate whether the claimed privileges are legitimate, in direct violation of LR 26.2(a), Fed. R. Civ. P. 26(b)(5)(A), and the Court's directive. On the traditional log, 747 of the 1,209 (62%) entries are documents withheld in their entirety that do have *any* information on the author, addressee(s) or date sent – *i.e.*, **all of these cells are blank**. *See, e.g.*, Ex. B, Log IDs 14-24, 28-63, 65-70, 294-321, 416-37.[2] This lack of information is alone a *prima facie* failure to comply with LR 26.2. In addition, the traditional log also contains numerous inadequate descriptions for document type, such as: "Document" (50 times); "Draft document" (30 times); "Email attachment" (178 times); and "Draft email attachment" (5 times). *Compare* Ex. B, Log IDs 16, 49, 56-59, 294, 296, 300 *with* 5/1/17 Hearing Tr. at 34:1-5 ("An adequate privilege [log] in this district and in this case will . . . indicate the type of document generally. It's an email, it's a letter, it's handwritten notes."). This lack of basic information is further compounded by the disjointed entries in the "Description" column, which appear to have been generated by automation depending on the type of privilege asserted. For instance, *every single entry* where the attorney-client privilege is asserted has a corresponding description that identifies the document as a "communication between attorney and client." This is true even for entries where: (a) there is no attorney involved in the communication (*see, e.g.*, Ex. B, Log IDs 6-7 (email strings between non-attorneys Ronaldo Reyes and Amy Stoddard)); and (b) the document in question is not a communication (*see id.*, Log IDs 14-15 (spreadsheets with no date, author or recipient listed)).

---

[2] If also considering entries for documents that have been redacted, this number goes up to 808 (66%).

**Robbins Geller Rudman & Dowd LLP**

The Honorable Barbara C. Moses
August 10, 2017
Page 3

      The end result is a log that raises more questions than it answers, as the missing information and incoherent descriptions do not "permit a judgment as to whether the document is at least potentially protected from disclosure." *See Bowne*, 150 F.R.D. at 474. To remedy the present deficiencies, Deutsche Bank should be ordered to amend its traditional log to provide all information required by LR 26.2, or otherwise waive its privilege claims. *See A.I.A. Holdings, S.A. v. Lehman Bros.*, 2002 WL 31385824, at *8 (S.D.N.Y. Oct. 21, 2002) (the "failure to list privileged documents on the required log of withheld documents in a timely and ***proper manner*** operates as a waiver of any applicable privilege") (emphasis added).

      ***The "Metadata" Log Does Not Sufficiently Describe General Subject Matter***. At the May 1, 2017 hearing, the Court identified the lack of a column for "general subject matter" as an obvious deficiency in the exemplar metadata log that Deutsche Bank had provided. 5/1/17 Hearing Tr. at 33:7-11. Despite this, the only columns on Deutsche Bank's metadata privilege log that provide a general subject matter description are the "Subject – Normalized" and "File Name" columns, which appear to export the email subject line and file name metadata from each document. While this metadata may provide sufficient information to evaluate the privilege claim for entries where trial counsel[3] are direct recipients and the subject line references a clear litigation or legal question, there are countless entries where this is not the case. The automated subject matter descriptions are especially problematic for entries where no attorneys are identified as authors or recipients and the "Subject" column lacks sufficient information to establish that the document is privileged. *See, e.g.*, Ex. C, Log IDs 710, 1047, 1250, 2414, 2493, 3104, 3465, 3522, 3874, 3895, 5567, 5977, 6076, 6880, 7400, 7594. Yet the problem also extends to communications implicating in-house counsel. *Varughese v. Mount Sinai Med. Ctr.*, 2014 WL 349698, at *2 (S.D.N.Y. Jan. 31, 2014) ("Because in-house counsel often serve as business advisors within a company, it is important to distinguish between communications serving primarily a business function, which are not protected, and communications made for the purpose of seeking legal advice."). Deutsche Bank should be ordered to amend its "metadata" privilege log to provide a general subject matter description for entries that do not identify trial counsel or that do not identify a specific litigation.

**Deutsche Bank Cannot Withhold Documents Pursuant to the Bank Examiner Privilege**

      The bank examiner privilege "'is a qualified privilege that protects communications between banks and their examiners.'" *Wultz v. Bank of China Ltd.*, 61 F. Supp. 3d 272, 281 (S.D.N.Y. 2013) (citation omitted). The privilege "'belongs solely to . . . banking regulatory entities, and it cannot be asserted by third parties on behalf of the banking agencies.'" *Id.* at 282 (citation omitted).

---

[3] Royal Park does not challenge or seek more information on entries identifying exclusive communications between Deutsche Bank and its trial counsel Morgan, Lewis & Bockius LLP. *See* Pilot Project Regarding Case Management Techniques for Complex Civil Cases §II.D.

1296621_1

**Robbins Geller Rudman & Dowd LLP**

The Honorable Barbara C. Moses
August 10, 2017
Page 4

Deutsche Bank's privilege logs indicate that it is currently withholding 1,102 documents pursuant to the "bank examination privilege." As an initial matter, Deutsche Bank has no standing to assert this qualified privilege, as "'[t]he bank examination privilege belongs solely to . . . banking regulatory entities'" and thus the "privilege must be asserted by the banking regulator." *Wultz*, 61 F. Supp. 3d at 282-86 (citation omitted). Deutsche Bank has made no indication whether any banking authority has asserted privilege over any of the documents at issue – or whether it has even attempted to contact the relevant regulator to inform them of the documents subject to this litigation[4] – but the privilege is not Deutsche Bank's to assert.

Moreover, even if a regulatory agency were to assert the bank examiner privilege, the privilege only protects "'communications ***between banks and their examiners***.'" *Id.* at 281 (citation omitted, emphasis added). Yet, countless entries invoking the privilege either: (a) identify internal Deutsche Bank communications and documents (s*ee, e.g.*, Ex. C, Log IDs 340, 1804); or (b) have no information on author or addressee (*see, e.g.*, Ex. B, Log IDs 33, 41-42).[5] Deutsche Bank's blanket withholding of documents under the privilege fails to recognize that the privilege only protects "deliberative material" – "[p]urely factual material falls outside the privilege, and if relevant, must be produced." *In re Bankers Trust Co.*, 61 F.3d 465, 471 (6th Cir. 1995); *see also Wultz*, 61 F. Supp. 3d at 282 ("'The agency asserting the privilege has the burden of establishing . . . that the materials are deliberative rather than factual,' and that 'the deliberative portions cannot be redacted from the documents.'") (citations omitted). It appears Deutsche Bank has made no effort to distinguish between factual material that must be produced and deliberative communications that may have occurred between Deutsche Bank and its regulators.

Respectfully submitted,

LUCAS F. OLTS

LFO:tdv
cc: All Counsel of Record (via ECF)

---

[4] In a similar RMBS Trustee action, Judge Netburn recently ordered defendant Wells Fargo to "immediately" ascertain the relevant regulator agencies' position on the ***seventeen*** documents that Wells Fargo was withholding under the bank examiner privilege, and to notify the court within two weeks with respect to the regulators' position on each document. *Blackrock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, N.A.*, No. 14-cv-09371-KPF-SN (S.D.N.Y. June 27, 2017) (Dkt. No. 501 at 3). Given Deutsche Bank's blanket invocation of the privilege, such a solution is unworkable here with the current volume of documents at issue.

[5] This is but another issue compounded by the lack of information required by LR 26.2.