USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/15/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROYAL PARK INVESTMENTS SA/NV, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

-against-

DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee,

Defendant.

14-CV-04394 (AJN) (BCM)

**REPORT AND RECOMMENDATION TO THE HONORABLE ALISON J. NATHAN**

**BARBARA MOSES, United States Magistrate Judge.**

Plaintiff Royal Park Investments SA/NA (RPI) moves to strike the affirmative defense of reliance on the advice of counsel from the Answer filed by defendant Deutsche Bank National Trust Company (Deutsche Bank). For the reasons set forth below I conclude that Deutsche Bank has forfeited that defense. I therefore recommend, respectfully, that RPI's motion be granted.

## I. BACKGROUND

RPI is a Belgian limited liability company formed as a special-purpose vehicle during the 2008 financial crisis to take over a portfolio of distressed assets previously held by a large Belgian bank, including certain residential mortgage-backed securities (RMBS) certificates that derive their value from pools of residential mortgages held in ten different trusts (Trusts) of which defendant Deutsche Bank serves as the trustee (Trustee). Compl. (Dkt. No. 1) ¶¶ 2, 33.

Plaintiff alleges that Deutsche Bank breached its contractual obligations under the Pooling and Servicing Agreements (PSAs) governing the Trusts, as well as its common-law duty to avoid conflicts of interest. *See Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Trust Co.*, 2016 WL 439020, at *2 (S.D.N.Y. Feb. 3, 2016) (the Feb. 3, 2016 Order); Compl. ¶¶ 206-219. The PSAs required, among other things, that the Trustee take action if it learned that the

warrantors of the loans underlying the Trusts (Warrantors) were in breach of their representations and warranties (R&Ws) regarding the quality or characteristics of those loans. Once the Trustee had actual knowledge of such a breach it was required to, among other things, "enforce" the breaching Warrantor's contractual obligation to cure, substitute or repurchase the defective loans. Compl. ¶ 49. In addition, the PSAs required the Trustee to act if the servicers and/or master servicers of the Trusts (Servicers) defaulted on their duties, including their duty to service the underlying loans lawfully and prudently. *Id*. ¶¶ 59, 116-18. An Event of Default by a Servicer triggered a heightened obligation on Deutsche Bank's part to exercise all of its rights and powers as Trustee for the benefit of the certificate owners. *Id*. ¶¶ 148-65. [1]

In the February 3, 2016 Order, the Honorable Alison J. Nathan, United States District Judge, made it clear that although the allegations set forth in the Complaint were sufficient to survive defendant's motion to dismiss, RPI will be required, at trial, to establish the existence of R&W breaches on a "'loan-by-loan and trust-by-trust' basis." *Royal Park Invs.*, 2016 WL 439020, at *6 (quoting *Ret. Bd. of the Policemen's Annuity & Benefit Fund of the City of Chi. v. Bank of N.Y. Mellon*, 775 F.3d 154, 162 (2d Cir. 2014)). There are approximately 50,000 individual mortgage loans underlying the ten Trusts at issue in this action, warranted by more than 50 different Warrantors. Chippey Decl. dated July 17, 2017 (Dkt. No. 425), ¶ 16.

Defendant's Answer, filed on March 18, 2016, pleads as its Twenty-Fifth Defense: "Plaintiff's claims are barred, in whole or in part, because the Trustee relied upon the work,

---

[1] In addition to the case at bar, RPI is a plaintiff in at least four other cases, all presently pending in this District, asserting similar claims against the trustees of other RMBS trusts in which RPI or its predecessors invested. *See Royal Park Invs. SA/NV v. U.S. Bank Nat'l Ass'n*, No. 14-CV-02590 (VM) (JCF); *Royal Park Invs. SA/NV v. The Bank of N.Y. Mellon*, No. 14-CV-06502 (GHW); *Royal Park Invs. SA/NV v. HSBC Bank USA Nat'l Ass'n*, No. 14-CV-08175 (LGS) (SN); *Royal Park Invs. SA/NV v. Wells Fargo Bank, N.A.*, No. 14-CV-09764 (KPF) (SN).

advice, professional judgment, and opinions of others upon which it was entitled to rely as a trustee." Ans. (Dkt. No. 113) at 52.

## II. THE ADVICE OF COUNSEL DEFENSE

Discovery in this action has been protracted and frequently contentious. Throughout the fact discovery period, which largely concluded on August 31, 2017,[2] Deutsche Bank has routinely withheld documents based on the attorney-client privilege and the attorney work product doctrine, including documents prepared by or reflecting advice by its in-house legal staff. Similarly, it has routinely instructed deposition witnesses not to reveal confidential attorney-client communications with, or legal advice provided by, its in-house counsel. *See*, *e.g.*, Olts Decl. dated June 19, 2017 (Dkt. No. 400), Exs. B, C, D. E.

On February 17, 2017, plaintiff filed a letter-application to compel Deutsche Bank to designate additional document custodians, including various individuals in its legal department. Pl. Ltr. dated Feb. 17, 2017 (Dkt. No. 330), at 1, 3-4. Defendant opposed the application, arguing, among other things, that the in-house lawyers should not be included as document custodians because the majority of their potentially relevant documents would be privileged. Def. Ltr. dated Feb. 23, 2017 (Dkt. No. 332), at 3.

During a discovery conference on March 3, 2017, Deutsche Bank confirmed that it intended to withhold, as privileged, any "internal communications [that] reflect attorney advice." *See* Tr. of March 3, 2017 Conf. (3/3 Tr.) (Dkt. No. 337), at 20:19-22. At the same time, its counsel acknowledged that although the Twenty-Fifth Defense did not expressly refer to legal advice, it was "broad enough" to encompass the advice of counsel defense, *id*. at 28:10-15,

---

[2] After numerous extensions and adjournments of the parties' discovery schedule, I directed the parties to complete fact discovery by August 31, 2017, with the exception of three depositions to be taken in September. (Dkt. No. 434.) However, a number of document production issues remain under dispute between the parties.

which if asserted would require Deutsche Bank to waive the attorney-client privilege (and the work product doctrine) as to the communications and documents relevant to that defense. *See United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991) (the attorney-client privilege "cannot at once be used as a shield and as a sword," and must be waived "when defendant asserts a claim that in fairness requires examination of protected communications"); *In re Cty. of Erie*, 546 F.3d 222, 228 (2d Cir. 2008) (quoting *In re Kidder Peabody Secs. Litig.*, 168 F.R.D. 459, 470 (S.D.N.Y. 1996)) ("The assertion of an "advice-of-counsel" defense has been properly described as a "quintessential example" of an implied waiver of the privilege.")

In counsel's view, however, it was "premature" to ask defendant to "identify any issue" as to which it intended to assert the advice of counsel defense, because "we don't know what the plaintiff's case is." 3/3 Tr. at 20:25-21:13. Counsel stated, "Once we get some information with respect to what [plaintiff's] particular claim is on a loan-by-loan or trust-by-trust basis, we will evaluate whether or not we're going to take advantage of the provision." *Id*. at 21:4-7. Asked *when* Deutsche Bank would have enough information to decide whether to "take advantage of the provision," counsel responded, "It would seem to me that either through interrogatory [sic] or perhaps in connection with some depositions that we would be able to make that determination." *Id*. at 23:3-6.

Given the vagueness of that response, I warned Deutsche Bank that if it continued to assert the attorney-client privilege in discovery it could be precluded from later attempting to assert the advice of counsel defense. 3/3 Tr. at 23:12-18. Counsel replied, "I appreciate that as a risk." *Id*. at 23:19-20.

At the conclusion of the March 3, 2017 conference I denied plaintiff's application to compel Deutsche Bank to designate its in-house counsel as document custodians, without

prejudice to renewal. S*ee* 3/3 Tr. at 32:18-23; Order dated March 3, 2017 (Dkt. No. 336). At the same time, I directed the parties to confer regarding defendant's thus far un-asserted advice of counsel defense "and see if you can agree on a schedule . . . for when the defendant has to fish or cut bait on this issue." 3/3 Tr. at 33:15-18.

One month later, RPI renewed its motion to compel defendant to designate its in-house lawyers as document custodians. Pl. Ltr. dated April 3, 2017 (Dkt. No. 345), at 1. Plaintiff also sought an order requiring defendant to produce, from those lawyers' files, all documents "responsive to Deutsche Bank's Twenty-Fifth Affirmative Defense." *Id*. Plaintiff argued that since the Twenty-Fifth Defense was "broad enough to include advice of counsel," the privilege was already waived, regardless of the words used in the pleading itself. *Id*. at 3-4 (citing *Scott v. Chipotle Mexican Grill, Inc.*, 67 F. Supp. 3d 607, 614 (S.D.N.Y. 2014), and *Bank Brussels Lambert v. Credit Lyonaise (Suisse)*, 210 F.R.D. 506, 510-11 (S.D.N.Y. 2002)). In the alternative, RPI urged, Deutsche Bank already "has all the information it needs to make a decision" as to whether to assert the advice of counsel defense, "and should be required to state its position now." *Id.* at 4. "Otherwise," plaintiff argued, "discovery will have to be reopened" if and when Deutsche Bank chose to assert the advice of counsel defense, posing "untenable case management issues." *Id*.

In response, Deutsche Bank argued once again that it did not yet have the information it needed to make a decision as to whether to "apply the Twenty-Fifth Defense," Def. Ltr. dated April 7, 2017 (Dkt. No. 354), at 3, because plaintiff had not yet identified each specific loan as to which it claimed that Deutsche Bank breached its duties. *Id*. at 3-4.

During a discovery conference on May 1, 2017, Deutsche Bank reiterated that position, adding that when it did make a decision (as to whether to "assert" or "apply" the advice of

counsel defense), it contemplated doing so on a loan-by-loan basis, such that it could (for example) assert the defense as to some but not all loans in dispute, and correspondingly waive the attorney-client privilege only with respect to those loans, while continuing to withhold communications (in many cases from the same lawyers) as to other loans in the same Trust. Tr. of May 1, 2017 Conf. (5/1 Tr.) (Dkt. No. 381) at 8:7-25. Counsel was unable to provide any "specific case that allows me to do that," *id*. at 9:13-10:1, but insisted that "I need a list of loans so that I can decide when I'm going to assert the [defense] as appropriate." *Id*. at 10:6-8. Asked again *when* he anticipated receiving such a list, counsel explained that Deutsche Bank had served a contention interrogatory seeking that information, but that RPI had not yet responded or provided a schedule for responding to it. *Id*. at 10:9-18.[3] During the same conference, RPI's counsel confirmed that, in plaintiff's view, it should not be required to list the individual loans at issue in this action until, "perhaps," at "the close of expert discovery." *Id.* at 13:8-23.

## III. THE MAY 1 ORDER

Since the parties had utterly failed to "agree on a schedule . . . for when the defendant has to fish or cut bait" on the advice of counsel defense," 3/3 Tr. at 33:15-18, I fashioned a schedule for them. Relying in part on *In re Buspirone*, 210 F.R.D. 43, 54-55 (S.D.N.Y. 2002) (upholding

[3] In fact, Deutsche Bank's Third Set of Interrogatories contained at least two questions designed to elicit the "loan by loan" information that defendant sought. Interrogatory No. 14 asked plaintiff to identify "any specific Loan that was the subject of a breach of an R&W" that plaintiff contended should have been discovered by defendant. Chippey Decl. Ex. 3, at 10. It also asked plaintiff to state (among other things) "all specific acts that You contend the Trustee should have initiated or conducted" in order to discover that breach, "the specific R&W that was breached," the "date on which [the breach] would have been discovered . . . as part of an investigation," the "source of funding for any investigation," and more. *Id*. Interrogatory No. 15 asked plaintiff to identify each R&W breach that plaintiff discovered, and to list, among other things, the affected Loan, the date and manner of plaintiff's discovery, and all documents relating thereto. *Id*. at 11. On March 3, 2017 (two months before the May 1 discovery conference), RPI responded by objecting to both interrogatories on numerous grounds, including that they were "premature." *Id*. at 11-12. RPI stated that it would "update its response . . . following the completion of fact and expert discovery." *Id*.

magistrate judge's ruling giving defendant approximately five weeks to "elect whether it will assert any good faith or reliance-on-counsel defenses in this action"), and *Royal Park Invs. SA/NV v. HSBC Bank USA National Association*, No. 14-CV-8175 (LGS) (SN) (slip op. Nov. 17, 2016) (ruling, in another RMBS case brought by RPI, that the defendant trustee "must decide whether it intends to assert an advice of counsel defense by January 17, 2017"), I gave Deutsche Bank one additional month within which to assert the advice of counsel defense (and waive any corresponding privilege) or else forfeit the defense:

> If by close of business on June 1, 2017 Deutsche Bank has not explicitly advised RPI that it is asserting the advice of counsel defense and clearly delineated the extent of that defense, the defense will be deemed waived. That means that the privilege is preserved but Deutsche Bank will not get a second chance at changing its mind and saying ["]we want to assert advice of counsel and now we're going to give you all of those privileged documents.["]

5/1 Tr. at 17:5-12.

Deutsche Bank did not file any objections to my oral ruling. It did not move for reconsideration. It did not request additional time within which to decide whether to assert or apply the advice of counsel defense. Nor did it make any effort (such as, for example, moving to compel RPI to answer its interrogatories) to obtain the "loan by loan" information it sought before its deadline ran.

On June 1, 2017, Deutsche Bank advised RPI, by letter, that "at this time it will not assert a 'reliance on advice of counsel' defense and the Trustee's Twenty-Fifth Affirmative Defense should not be interpreted to include that affirmative defense." Olts Decl. Ex. A. Defendant went on, however, to note that discovery was still ongoing, and concluded, "Should the Trustee later determine that asserting an advice of counsel defense would be appropriate, the Trustee reserves the right to seek leave of Court to assert it." *Id*.

## IV. THE PARTIES' POSITIONS

RPI now moves pursuant to Fed. R. Civ. P. 12(f) to strike "the affirmative defense of reliance on the advice of counsel" from Deutsche Bank's Answer. Not. of Motion dated June 19, 2017 (Dkt. No. 401) at 1. RPI argues that since Deutsche Bank unambiguously failed to assert that defense by the June 1, 2017 deadline, it has been "irrevocably waived" and should therefore be formally stricken "to avoid any ambiguity" and "prevent any prejudice to RPI." *See* Pl. Mem. of Law, dated June 19, 2017 (Dkt. No. 399), at 5-6. RPI goes on to argue that my May 1, 2017 order (to which no party objected) was appropriate, *id*. at 6-8, and that Deutsche Bank (which has thus far not asserted any reliance on counsel defense) should not be permitted to do so selectively, on a "loan by loan" basis. *Id*. at 8-9.

In its opposition brief, Deutsche Bank argues that since its Twenty-Fifth Defense "applies to much more than advice rendered by an attorney," there is no basis for striking it "in full." Def. Mem. of Law dated July 17, 2017 (Dkt. No. 424), at 3; *see also id*. at 8 ("The motion is premised upon the false assumption that the Twenty-Fifth Affirmative Defense applies solely to attorney advice."). Defendant goes on to insist that, although it "presently does not intend to raise an advice of counsel defense," it should be able to "seek leave" to do so should RPI allege "some as-yet unspecified claim regarding a matter on which the Trustee received specific legal advice." *Id*. at 3.

RPI, in reply, clarifies that its motion "is specific to defenses which are predicated on or implicate the reliance on the advice of counsel defense." Pl. Reply Mem. of Law, dated July 26, 2017 (Dkt. No. 428), at 2. The advice of counsel defense must be stricken, RPI argues, not only because defendant failed to assert it by the June 1 deadline but also because Deutsche Bank has continued to withhold as privileged the documents that might support such a defense, and as a result cannot establish that it has any "basis in fact." *Id*. at 4 (quoting *SEC v. McCaskey*, 56 F.

Supp. 2d 323, 326 (S.D.N.Y. 1999)). RPI goes on to argue, once again, that defendant was properly given a deadline for asserting the defense, *id*. at 6-7, and that even if it tried to assert that defense on a "loan by loan" basis, the resulting privilege waiver would necessarily extend to "all such advice on the same topic," even if rendered in connection with different loans. *Id*. at 7 (quoting *Am. S.S. Owners Mut. Prot. & Indem. Ass'n v. Alcoa S.S. Co.*, 232 F.R.D. 191, 198 (S.D.N.Y. 2005)).

## V. ANALYSIS

The only issue now before the Court is whether to strike the affirmative defense of reliance on the advice of counsel from Deutsche Bank's Answer. The propriety of my May 1, 2017 order, which required defendant to either assert or forfeit the defense by June 1, 2017, is not presently in issue. To the contrary: because no party objected or sought reconsideration, that ruling is now the law of the case. *See* Fed. R. Civ. P. 72(a) (a party may not "assign as error" any defect in a magistrate judge's non-dispositive order that was "not timely objected to"); *Tackman v. Goord*, 2005 WL 2347111, at *11 (W.D.N.Y. Sept. 26, 2005) ("[b]ecause Defendants failed to either timely object to the [magistrate judge's] order" or seek reconsideration, "the matter is not subject to further review in this court but, rather, is the law of the case"); *Maryland Cas. Co. v. W.R. Grace & Co.-Conn*, 1994 WL 592267, at *6 (S.D.N.Y. Oct. 26, 1994) (holding that the magistrate judge properly adhered to his prior and un-objected to privilege ruling as the law of the case, "to be followed in successive stages of the same litigation"). It is thus not particularly relevant to the present motion that Magistrate Judge Sarah Netburn took a similar approach in *HSBC*, *supra*, or that Magistrate Judge James C. Frances IV took a different approach in one of RPI's other trustee cases. *See Royal Park Invs. SA/NV v. U.S. Bank Nat'l Ass'n*, No. 14-CV-02590 (VM) (JCF) (slip op. Aug. 25, 2017) (affirming Judge Frances's order (i) directing RPI to

respond to U.S. Bank's contention interrogatories by July 30, 2017, and (ii) extending the time for U.S. Bank to assert any advice of counsel defense until August 15, 2017).[4]

In this case, Deutsche Bank was required to choose between the advice of counsel defense and the attorney-client privilege by June 1, 2017. On that date it unambiguously chose the attorney-client privilege; that is, in order to continue withholding privileged documents, it stated that it was not asserting any "reliance on advice of counsel" defense. In fact, it went even further, advising that the Twenty-Fifth Defense (which does not expressly refer to legal counsel) "should not be interpreted to include that affirmative defense." Olts Decl. Ex. A. Taking Deutsche Bank at its word – that its pleading *does not assert* any advice of counsel defense – it is difficult to imagine any ground on which it could credibly oppose RPI's motion.[5]

A court may utilize Rule 12(f) to strike, among other things, any "insufficient" defense or "immaterial" matter. A defense which the defendant has declined to assert, despite an explicit deadline for doing so, is both insufficient and immaterial. Moreover, since Deutsche Bank has consistently invoked the attorney-client privilege to withhold all documents that could

---

[4] Deutsche Bank, unlike U.S. Bank, never moved to compel answers to its contention interrogatories seeking "loan by loan" information concerning its alleged breaches. Deutsche Bank was therefore not in a position to seek a two-pronged order such as that issued by Judge Frances.

[5] In its opposition brief, Deutsche Bank explains that the PSAs governing the Trusts provide "myriad potential defenses to RPI's claims," including, for example, "exculpations for the Trustee's reliance on statements and opinions of parties other than attorneys." Def. Mem. of Law at 7. The Court expresses no opinion on the validity of Deutsche Bank's general "reliance on others" defense, nor on whether such a defense could itself trigger a waiver of the attorney-client privilege. *See, e.g.*, *Scott*, 67 F. Supp. 3d at 614-17 & n.5 (where defendant employer asserted a "good faith defense" in a wage and hour case, expressly alleging that it relied upon federal and state regulations and administrative guidance "but not upon advice of counsel," its "artful pleading" nonetheless put the advice of its counsel at issue and required defendant to produce documents previously withheld as privileged); *Favors v. Cuomo*, 285 F.R.D. 187, 199 (E.D.N.Y. 2012) ("[C]ourts within this Circuit, relying on *Bilzerian*, have reaffirmed the broader principle that forfeiture of the privilege may result where the proponent asserts a good faith belief in the lawfulness of its actions, even without expressly invoking counsel's advice.") (collecting cases).

potentially support an advice of counsel defense, there is now no question of law, and no evidence, "which might allow the defense to succeed." *McCaskey*, 56 F. Supp. 2d at 326. The third prong of the *McCaskey* test – prejudice to the plaintiff, *id*. – is also met here. Fact discovery closed (with minor exceptions) on August 31, 2017. It would be unfair to RPI – and wildly inefficient from a case management standpoint – to permit Deutsche Bank to change its mind at some point in the future and assert a defense that would necessarily require the reopening of fact discovery, the production of documents previously withheld on privilege grounds, and the recall of deposition witnesses who were previously instructed not to testify about any legal advice they received. *See McCaskey*, 56 F. Supp. 2d. at 326 ("An increase in the time, expense and complexity of a trial may constitute sufficient prejudice to warrant granting a plaintiff's motion to strike."); *SEC v. Toomey*, 866 F. Supp. 719, 722 (S.D.N.Y. 1992) ("Increased time and expense of trial may constitute sufficient prejudice to warrant granting plaintiff's Rule 12(f) motion.")

In this case, as in *HSBC*, the defendant trustee "still maintains that it is currently not asserting an advice of counsel defense and is relying on its privilege to shield otherwise relevant discovery; the Court should not permit it to change its mind at a later date." *Royal Park Invs. SA/NV v. HSBC Bank USA National Association*, No. 14-CV-8175 (LGS) (SN) (slip op. May 8, 2017) at 5 (recommending that that HSBC "be found to have forfeited any right to assert that defense in the future" and that the District Judge "strike such affirmative defenses in HSBC's answers," *id*. at 6). Deutsche Bank, like HSBC, expressly elected not to assert the advice of counsel defense, without objecting in any way to the election deadline set by the Court and without making any effort to obtain additional information on which it might base its decision. I

therefore conclude that Deutsche Bank, like HSBC, has forfeited the advice of counsel defense, including any right to assert such a defense in the future.[6]

Accordingly, I respectfully recommend that the District Judge GRANT plaintiff's motion (Dkt. No. 399) and STRIKE the affirmative defense of reliance on the advice of counsel from defendant's Answer.

**NOTICE OF PROCEDURE FOR FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

The parties shall have fourteen days from this date to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). *See also* Fed. R. Civ. P. 6(a) and (d). Any such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the Honorable Alison J. Nathan at 40 Foley Square, New York, New York 10007, and to the chambers of the undersigned magistrate judge. Any request for an extension of time to file objections must be directed to Judge Nathan. Failure to file timely objections will preclude appellate review. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

Dated: New York, New York
September 15, 2017

**SO ORDERED**.

**BARBARA MOSES**
**United States Magistrate Judge**

[6] Because the advice of counsel defense has been forfeited, there is no need for the Court to decide whether that defense could have been deployed on a "loan by loan" basis, as Deutsche Bank has argued, without violating the "fairness doctrine," which "aim[s] to prevent prejudice to a party and distortion of the judicial process that may be caused by the privilege-holder's selective disclosure during litigation of otherwise privileged information." *In re von Bulow*, 828 F.2d 94, 101 (2d Cir. 1987). *See, e.g., Am. S.S. Owners Mut. Prot. & Indem. Ass'n, Inc.*, 232 F.R.D. at 198, *adhered to in part on reconsideration sub nom. Am. Steamship Owners Mut. Prot. & Indem. Ass'n, Inc. v. Alcoa S.S. Co.*, 2005 WL 2254463 (S.D.N.Y. Sept. 15, 2005) (holding that party could not divulge earlier opinion letters while withholding later letters as privileged).