# Morgan Lewis

**Bernard J. Garbutt III**
+1.212.309.6084
bernard.garbutt@morganlewis.com

March 30, 2018

**BY ECF**

Honorable Barbara Moses, U.S.M.J.
United States District Court for the Southern District of New York
500 Pearl Street, Room 920
New York, NY 10007

Re: <u>Royal Park Investments SA/NV v. Deutsche Bank Nat'l Trust Co.</u>, No. 14-cv-4394

Dear Magistrate Judge Moses:

We represent defendant Deutsche Bank National Trustee Company, as trustee (the "Trustee").

In light of the upcoming conference on Tuesday, April 3, 2018, we write to provide another status report concerning the ongoing failure of plaintiff Royal Park Investments SA/NV ("RPI") to comply with:  (i) this Court's order dated December 29, 2017 (Dkt.# 524, the "12/29/17 Order"), which directed RPI to produce unredacted versions of the "Belgian Documents" (as those documents were defined in the 12/29/17 Order); and (ii) this Court's order dated February 2, 2018 (Dkt.# 544, the "2/2/18 Order"), which directed RPI to produce, among other documents, the "Delcuve Memo" and the "Committee Minutes" (as those documents were defined in the 2/2/18 Order).[1]

On March 12, 2018, RPI produced "unredacted" versions of the Belgian Documents (the "3/12/18 Production").  On March 23, 2018, RPI produced the documents that were the subject of the 2/2/18 Order (the "3/23/18 Production"), some of which are apparently also from BNPPF in Belgium.[2]  For the following three reasons, the 3/12/18 Production and 3/23/18 Production are still inadequate.

**First**, neither production contains <u>any</u> custodian information, as is required under the "Joint Stipulation and Order Regarding the Format of Document Productions, Including Production of Electronically Stored Information" (Dkt.# 263, the "ESI Protocol") and this Court's order that RPI provide this information.  <u>See</u> Transcript of June 8, 2017 Hearing, Dkt.# 395, at 7:9-9:19 (emphasis added).  As to the 3/12/18 Production, the metadata lists "Central Files" as the custodian for all of the documents.  As to the 3/23/18 Production, the

---

[1] The Trustee submits this letter today because:  (i) to the extent any of the issues discussed herein remain unresolved, the Trustee would like to raise them at next Tuesday's conference; and (ii) the Trustee files this letter today, and not on Monday, the eve of the conference, so that RPI has an ample opportunity to respond prior to Tuesday's conference.

[2] The timing of both the 3/12/18 Production and the 3/23/18 Production violated (as late) the deadlines in Your Honor's orders concerning these documents, in some instances violating Your Honor's deadlines twice.

Honorable Barbara Moses, U.S.M.J.
March 30, 2018
Page 2

metadata lists "Central Files" as the custodian for 1,640 documents, and no custodian at all for the other 476 documents. The lack of some of this custodian information could be the remnants of RPI's position that it could remove names from the documents it produced under the Belgian Data Protection Act. On March 26, 2018, the Trustee sent RPI an email requesting that RPI immediately provide accurate custodian information for all of these documents as is required. RPI has not yet informed the Trustee whether RPI will provide this information.

**Second**, in an email dated March 23, 2018, RPI informed the Trustee, for the first time, that "BNPPF's counsel has also represented to us that, after a reasonable search, the Bank was unable to locate any memo matching the description of the Delcuve [M]emo." [As discussed below, that email was silent as to whether BNPPF's counsel located the "Committee Minutes" described in the 2/2/18 Order, which suggested that RPI had in fact produced that document.] That same day, the Trustee responded by email, requesting that RPI provide an affidavit from BNPPF's counsel, Cleary Gottlieb, describing all of the steps that it took to search for the Delcuve Memo. On March 28, 2018, the Trustee sent RPI another email explaining that Cleary Gottlieb's affidavit should specifically address:

(i)   whether Cleary Gottlieb spoke to Delcuve (who still works at BNPPF);
(ii)  whether Delcuve searched for the memo herself;
(iii) whether Cleary Gottlieb searched Delcuve's custodial ESI for the memo; and
(iv)  any and all other steps Cleary Gottlieb took.

If Cleary Gottlieb failed to take steps (i)-(iii) above, its search could not have been reasonable. RPI has not yet informed the Trustee whether it will provide this affidavit.

**Third**, although RPI did not mention in its March 23, 2018 email that it did not produce the Committee Minutes, based upon our own searches, the 3/23/18 Production does not contain that document. Yesterday, March 29, 2018, the Trustee sent RPI an email requesting that RPI confirm that it had produced the Committee Minutes. As of the time of this letter, RPI has not responded. The Trustee also asked RPI that if it did not produce the Committee Minutes that it provide an affidavit from Cleary Gottlieb describing all of the steps that it took to search for the Committee Minutes. The affidavit should specifically address:

(i)   whether Cleary Gottlieb spoke to Kuyvenhoven (who sent the Committee Minutes attached to an email) or Delcuve, De Doncker, or Gillaume (who received the Committee Minutes attached to that email). All of these individuals appear to still work at BNPPF;
(ii)  whether any of these individuals searched for the Committee Minutes themselves;
(iii) whether Cleary Gottlieb searched the custodial ESI of any of the individuals listed above for the Committee Minutes;

Honorable Barbara Moses, U.S.M.J.
March 30, 2018
Page 3

    (iv)    whether Cleary Gottlieb searched the custodial ESI of Bauer or Frischling, two court-ordered custodians in this case who also received the Committee Minutes attached to that email; and

    (v)    any and all other steps Cleary Gottlieb took.

If Cleary Gottlieb failed to take steps (i)-(iv) above, its search could not have been reasonable. RPI has not yet informed the Trustee whether it will provide this affidavit.[3]

Respectfully Submitted,
*/s/ Bernard J. Garbutt III*

---

[3] In the underlying motion practice, RPI never argued that the Delcuve Memo and the Committee Minutes did not exist. Indeed, there is irrefutable evidence that both do exist, which was submitted in connection with the underlying motion practice. See, e.g., Exhs. A and B hereto. The Trustee originally submitted the Delcuve Memo email with the Trustee's September 7, 2017 letter, at Dkt.# 590-7. RPI originally submitted the Committee Minutes email as Exh. 3 to RPI's September 11, 2017 letter to the Court, at Dkt.# 598-3.