October 9, 2018

**BY ECF**
Honorable Barbara Moses, U.S.M.J.
United States District Court for the Southern District of New York
500 Pearl Street, Room 920
New York, NY 10007

Re:   <u>Royal Park Investments SA/NV v. Deutsche Bank Nat'l Trust Co.</u>, No. 14-cv-4394

Dear Magistrate Judge Moses:

Pursuant to Your Honor's Memorandum and Order, dated September 28, 2018, Dkt.# 646, p. 31, plaintiff Royal Park Investments SA/NV ("RPI") and defendant Deutsche Bank National Trust Company, as trustee (the "Trustee") write jointly to submit the proposed schedule attached hereto as Exh. A (the "Joint Proposed Scheduling Order") for the remainder of this case. The parties have met and conferred and have reached agreement on all aspects of the Joint Proposed Scheduling Order.

By way of background, this case involves 10 RMBS trusts. Within those 10 trusts are more than 50,000 individual mortgage loans, upon some portion of which RPI may seek to perform some loan-level breach analysis. That is the driving force behind the time allotted for, and the spacing between, the tasks and submissions covered in the Joint Proposed Scheduling Order.

The reason for the length of the timeline under the Joint Proposed Scheduling Order is that performing expert loan-level breach analysis is time consuming and work intensive. RPI will first need to determine which of the 50,000 loans within the 10 trusts at issue RPI will proceed on. Then, RPI's experts must perform the necessary expert loan-level analysis. RPI needs sufficient time to perform that analysis before serving their expert reports.

As to the Trustee's rebuttal expert reports, the time to serve rebuttal expert reports concerning claims of loan-level breaches or damages will depend upon the number of loans RPI identifies, on November 1, 2018, as loans on which RPI will proceed for the remainder of this case. That is because, in preparing the Joint Proposed Scheduling Order and similar schedules in other cases, the Trustee consulted with its experts who will be involved in rebuttal work on loan-level breaches regarding how much time the experts would need to complete their work. The Trustee understands that a significant factor that would drive the amount of time the experts would need to complete their work would be the number of loans analyzed in RPI's expert reports concerning loan-level breaches or damages. The Trustee also understands that the schedule as set out in the Joint Proposed Scheduling Order would be aggressive.

For all the foregoing reasons, the parties jointly request that the Court enter the parties' Joint Proposed Scheduling Order.

Honorable Sarah Netburn, U.S.M.J.
October 9, 2018
Page 2

Respectfully submitted,

| */s/ Lucas F. Olts (with permission)* | */s/ Bernard J. Garbutt III* |
|---|---|
| Lucas F. Olts | Bernard J. Garbutt III |
| Robbins Geller Rudman & Dowd LLP | Morgan, Lewis & Bockius LLP |
| *Counsel for Plaintiff Royal Park Investments SA/NV* | *Counsel for Defendant Deutsche Bank National Trust Company, as Trustee* |