UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------ X

ROYAL PARK INVESTMENTS SA/NV,  :
  :
         Plaintiff,  :
  :
   -against-  :
  :
DEUTSCHE BANK NATIONAL TRUST  :
COMPANY, as Trustee,  :     Case No. 14-cv-4394-AJN-BCM
  :
        Defendant.  :
  :
  :

------------------------------------------------------ X

# DEFENDANT'S OPPOSITION TO PLAINTIFF'S RULE 72 OBJECTIONS AND MOTION TO SET ASIDE MAGISTRATE JUDGE'S ORDER DENYING SAMPLING

Michael S. Kraut
Kevin J. Biron
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY  10178
Tel:   (212) 309-6000
Fax:   (212) 309-6001

*Attorneys for Defendant*
*Deutsche Bank National Trust Company, as Trustee*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ............................................................................................ 1

RELEVANT FACTS AND PROCEDURAL HISTORY ............................................................ 2

ARGUMENT ................................................................................................................... 3

I.  JUDGE MOSES HAD THE AUTHORITY TO ENTER THE ORDER AND THE
    PROPER STANDARD OF REVIEW IS FOR CLEAR ERROR ................................... 3

II. THE ORDER WAS NOT CLEARLY ERRONEOUS ................................................. 5

    A.  Every Court to Consider the Issue Has Held That Sampling-Related
        Expert Discovery Is Not Proportional to the Needs of a Case Against an
        RMBS Trustee ...................................................................................... 5

    B.  Seven Judges Have Correctly Rejected RPI's Arguments ...................... 8

        1.  RPI's Reliance on Litigation That Was Not Brought Against
            RMBS Trustees Is Misplaced .................................................... 8

        2.  Contrary to RPI's Assertion, the Order Correctly Held that
            Sampling Cannot Yield the Requisite Loan-Specific Proof .......... 9

            a.  The Order's Interpretation of *PABF* Was Correct ......... 9

            b.  The Order Does Not "Overextend" Nomura and Ambac ........... 10

            c.  The Order Correctly Held that Loan-by-Loan Proof Is
                Required to Establish RPI's Purported Damages ....................... 11

        3.  The Order Correctly Interpreted "Discovery" ......................... 13

            a.  The Law Squarely Holds That an RMBS Trustee's Duties
                Are Not Triggered by Constructive Knowledge ......................... 14

            b.  The Order's Interpretation of "Discovery" Is Consistent
                with Traditional Principles of Contract Interpretation ................. 16

        4.  The Order Correctly Declined to Authorize Sampling-Related
            Discovery as to Any Category of Loans .................................... 18

CONCLUSION ................................................................................................................ 20

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Ambac Ass. Corp. v. Countrywide Home Loans, Inc.*,
  31 N.Y.3d 569, -- N.E.3d -- (2018) ...............................................................10, 11

*Assured Guar. Mun. Corp. v. Flagstar Bank, FSB*,
  920 F. Supp. 2d 475 (S.D.N.Y. 2013).................................................................16

*Bank of N.Y. Mellon Tr. Co., N.A. v. Morgan Stanley Mortg. Capital, Inc.*,
  821 F.3d 297 (2d Cir. 2016)..........................................................................14, 15

*Beal Sav. Bank v. Sommer*,
  8 N.Y.3d 318 (2007) .........................................................................................17

*Blackrock Allocation Target Shares Series S Portfolio et al. v. U.S. Bank Nat'l Ass'n*,
  No. 14-cv-9401 (S.D.N.Y. Jan. 31, 2018) ........................................................13

*Blackrock Balanced Capital Portfolio (FI) v. Deutsche Bank Nat'l Tr. Co.*,
  No. 14-cv-9367, 2018 WL 3120971 (S.D.N.Y. May 17, 2018) ...................... passim

*Commerzbank AG v. U.S. Bank Nat'l Ass'n*,
  277 F. Supp. 3d 483 (S.D.N.Y. 2017).................................................................1

*Deutsche Alt-A Sec. Mortg. Loan Tr., Series 2006-OA1 v. DB Structured Prods., Inc.*,
  958 F. Supp. 2d 488 (S.D.N.Y. 2013).................................................................16

*Deutsche Bank Nat'l Tr. Co. v. Morgan Stanley Mortg. Capital Holdings LLC*,
  289 F. Supp. 3d 484 (S.D.N.Y. 2018).................................................................11

*Diesel Props S.r.l. v. Greystone Bus. Credit II LLC*,
  631 F.3d 42 (2d Cir. 2011)................................................................................12

*Ellington Credit Fund, Ltd. v. Select Portfolio Servicing, Inc.*,
  837 F. Supp. 2d 162 (S.D.N.Y. 2011).................................................................18

*Elliott Assocs. v. J. Henry Schroder Bank & Tr. Co.*,
  838 F.2d 66 (2d Cir. 1988)................................................................................18

*Estate of Heisler v. Deutsche Bank Tr. Co. Ams.*,
  No. 11-cv-1608, 2012 WL 5039065 (S.D.N.Y. Oct. 17, 2012)............................10

*Fixed Income Shares: Series M v. Citibank, N.A.*,
  130 F. Supp. 3d 842 (S.D.N.Y. 2015)....................................................................................1

*Fixed Income Shares: Series M v. Citibank N.A.*,
  No. 14-cv-9373, 2018 WL 1449580 (S.D.N.Y. Mar. 22, 2018)...............................................13

*Homeward Residential, Inc. v. Sand Canyon Corp.*,
  No. 12-cv-5067, 2017 WL 5256760 (S.D.N.Y. Nov. 13, 2017)................................................9

*In re Lehman Brothers Holdings Inc.*,
  No. 08-13555 (BR. S.D.N.Y.) ...................................................................................................9

*LaSalle Bank Nat'l Ass'n v. Citicorp Real Estate, Inc.*,
  No. 02-cv-7867, 2003 WL 22047891 (S.D.N.Y. Aug. 29, 2003).............................................16

*MASTR Adjustable Rate Mortgs. Tr. 2006-OA2 v. UBS Real Estate Sec. Inc.*,
  No. 12-cv-7322, 2015 WL 797972 (S.D.N.Y. Feb. 25, 2015) ...................................................9

*MASTR Asset Backed Sec. Tr. 2006-HE3 ex rel. U.S. Bank Nat. Ass'n v. WMC
  Mortg. Corp.*,
  No. 11-cv-2542, 2012 WL 4511065 (D. Minn. Oct. 1, 2012)..................................................15

*Morgan Guar. Tr. Co. of N.Y. v. Bay View Franchise Mortg. Acceptance Co.*,
  No. 00-cv-8613, 2002 WL 818082 (S.D.N.Y. Apr. 30, 2002) .................................................16

*N. Jersey Media Grp. Inc. v. Fox News Network, LLC*,
  No. 14-cv-7630, 2015 WL 7444822 (S.D.N.Y. Nov. 23, 2015)................................................17

*Nomura Home Equity Loan, Inc., Series 2006-FM2, by HSBC Bank USA, Nat'l
  Ass'n v. Nomura Credit & Capital, Inc.*,
  30 N.Y.3d 572, 69 N.Y.S.3d 520 (2017) .........................................................................10, 11

*Peak Partners, LP v. Republic Bank*,
  191 F. App'x 118 (3d Cir. 2006) .............................................................................................18

*Phoenix Light SF Ltd. v. Deutsche Bank Nat'l Tr. Co.*,
  172 F. Supp. 3d 700 (S.D.N.Y. 2016)........................................................................................1

*Policemen's Annuity & Ben. Fund of Chi. v. Bank of Am., N.A.*,
  943 F. Supp. 2d 428 (S.D.N.Y 2013), *abrogated on other grounds by PABF*,
  775 F.3d 154 .........................................................................................................................16

*Policemen's Annuity & Benefit Fund of Chi. v. Bank of Am., N.A.*,
  907 F. Supp. 2d 536 (S.D.N.Y. 2012).....................................................................................16

*Ret. Bd. of the Policemen's Annuity & Benefit Fund of the City of Chi. v. Bank of
  N.Y. Mellon*,
  775 F.3d 154 (2d Cir. 2014)............................................................................................ passim

*Royal Park Invs. SA/NV v. Bank of N.Y. Mellon*,
 No. 14-cv-6502, 2016 WL 899320 (S.D.N.Y. Mar. 2, 2016)..........................................passim

*Royal Park Invs. SA/NV v. DBNTC*,
 No. 14-cv-4394, 2016 WL 439020 (S.D.N.Y. Feb. 3, 2016) ..................................1, 11, 14, 18

*Royal Park Invs. SA/NV v. HSBC Bank USA Nat'l Ass'n*,
 No. 14-cv-08175, 2017 U.S. Dist. LEXIS 31157 (S.D.N.Y. Feb. 23, 2018)..................passim

*Royal Park Invs. SA/NV v. HSBC Bank USA Nat'l Ass'n*,
 No. 14-cv-08175, 2017 WL 945099 (S.D.N.Y. Mar. 10, 2017).....................................passim

*Royal Park Invs. SA/NV v. U.S. Bank Nat'l Ass'n*,
 14-cv-2590, slip op. (S.D.N.Y. Oct. 30, 2018) ...............................................................passim

*Royal Park Invs. SA/NV v. U.S. Bank Nat'l Ass'n*,
 2017 WL 4174926, No. 14-cv-2590 (S.D.N.Y. Aug. 28, 2017)..............................................4

*Royal Park Invs. SA/NV v. U.S. Bank Nat'l Ass'n*,
 No. 14-cv-2590, 2018 WL 3350323 (S.D.N.Y. July 9, 2018)..................................2, 8, 10, 18

*Royal Park Invs. SA/NV v. Wells Fargo Bank, N.A.*,
 No. 14-cv-09764, 2017 WL 3610511 (S.D.N.Y. Aug. 21, 2017)...................................passim

*Royal Park Invs. SA/NV v. Wells Fargo Bank, N.A.*,
 No. 14-cv-09764, 2017 WL 953550 (S.D.N.Y. Mar. 10, 2017).....................................passim

*Schonfeld v. Hilliard*,
 218 F.3d 164 (2d Cir. 2000)...........................................................................................12

*U.S. Bank, Nat'l Ass'n v. UBS Real Estate Sec. Inc.*,
 205 F. Supp. 3d 386 (S.D.N.Y. 2016).................................................................................9

*W. & S. Life Ins. Co. v. Bank of N.Y. Mellon*,
 No. A1302490, 2017 WL 3392855 (Ohio Comm. Pl. Aug. 4, 2017).......................................5

**OTHER AUTHORITIES**

Fed. R. Civ. P. 26.....................................................................................................4, 5, 15

Fed. R. Civ. P. 72..........................................................................................................1, 4

Defendant Deutsche Bank National Trust Company, as trustee (the "Trustee" or "DBNTC") for the residential mortgage-backed securitization ("RMBS") trusts at issue (the "Trusts"), respectfully submits this opposition to the Rule 72 Objections and Motion to Set Aside Magistrate Judge's Order Denying Sampling by Plaintiff Royal Park Investments SA/NV ("RPI") regarding sampling-related expert discovery (ECF Nos. 649-50).[1]

## PRELIMINARY STATEMENT

As courts (including this Court) have consistently recognized, the Second Circuit has held that to prevail on claims against an RMBS trustee like those asserted here, a plaintiff must prove the trustee's alleged misconduct "loan-by-loan and trust-by-trust." *E.g.*, *Royal Park Invs. SA/NV v. DBNTC*, No. 14-cv-4394, 2016 WL 439020, at *6 (S.D.N.Y. Feb. 3, 2016) ("*RPI/DBNTC I*") (quoting *Ret. Bd. of the Policemen's Annuity & Benefit Fund of the City of Chi. v. Bank of N.Y. Mellon*, 775 F.3d 154, 162 (2d Cir. 2014) ("*PABF*")).[2] And—as Judge Moses and the other six judges to consider the issue correctly held—expensive, sampling-related expert discovery is not proportional to the needs of a case like this one because, *inter alia*,

---

[1] RPI's Memorandum of Law in Support of Its Rule 72 Objections to and Motion to Set Aside Magistrate Judge's Order Denying Sampling dated October 12, 2018 (ECF No. 650) is cited herein as "Objs." Plaintiffs' Memorandum of Law in Support of Motion Regarding Sampling-Related Expert Discovery dated September 8, 2017 (ECF No. 474) is cited herein as "P. Br." The Trustee's Opposition to the Motion of Plaintiff Royal Park Investments SA/NV Regarding Sampling-Related Expert Discovery dated October 16, 2017 (ECF No. 490) is cited herein as the "Trustee Opposition" or "Trustee Opp." The Trustee hereby incorporates the arguments and supporting documents filed in connection with the Trustee Opposition. (ECF Nos. 490-91). Unless noted otherwise, all emphasis is added, and all quotations and citations are omitted.

[2] *See, e.g.*, *Royal Park Invs. SA/NV v. U.S. Bank Nat'l Ass'n*, 14-cv-2590, slip op. at 15 (S.D.N.Y. Oct. 30, 2018) (ECF No. 419) (Marrero, D.J.) ("*RPI/USB II*"); *Royal Park Invs. SA/NV v. HSBC Bank USA Nat'l Ass'n*, No. 14-cv-08175, 2017 U.S. Dist. LEXIS 31157, at *35-43 (S.D.N.Y. Feb. 23, 2018) (Schofield, D.J.) ("*RPI/HSBC II*"); *Commerzbank AG v. U.S. Bank Nat'l Ass'n*, 277 F. Supp. 3d 483, 494 (S.D.N.Y. 2017) (Pauley, D.J.); *Royal Park Invs. SA/NV v. Wells Fargo Bank, N.A.*, No. 14-cv-09764, 2017 WL 3610511, at *7 (S.D.N.Y. Aug. 21, 2017) (Failla, D.J.) ("*RPI/WF II*"); *Royal Park Invs. SA/NV v. Bank of N.Y. Mellon*, No. 14-cv-6502, 2016 WL 899320, at *4 (S.D.N.Y. Mar. 2, 2016); *Phoenix Light SF Ltd. v. Deutsche Bank Nat'l Tr. Co.*, 172 F. Supp. 3d 700, 713 (S.D.N.Y. 2016) (Koeltl, D.J.); *Fixed Income Shares: Series M v. Citibank, N.A.*, 130 F. Supp. 3d 842, 851 (S.D.N.Y. 2015) (Furman, D.J.).

sampling cannot satisfy the Second Circuit's loan-by-loan, trust-by-trust standard of proof. *See, e.g.*, Order, Sept. 28, 2018 (ECF No. 646) (the "Order").[3]

RPI asks this Court to vacate the Order based on the same unmeritorious arguments that Judge Schofield, Judge Failla, Judge Furman, Judge Netburn, Judge Lehrburger, Judge Moses, and yesterday, Judge Marrero all rejected. Consistent with those decisions, this Court should affirm the Order and overrule RPI's baseless objections.

## RELEVANT FACTS AND PROCEDURAL HISTORY

On August 18, 2017, the Trustee and RPI wrote jointly to Judge Moses, advising her that they "may wish to litigate whether and/or to what extent sampling will be permitted in this case." (ECF No. 440). On August 25, 2017, Judge Moses entered an order directing that the party seeking a ruling on sampling-related discovery "must file the appropriate motion no later than September 8, 2017." (ECF No. 443). On September 8, 2017, RPI filed its Motion Regarding Sampling-Related Expert Discovery. (ECF Nos. 453, 474-75). On October 16, 2017, the Trustee filed its opposition to RPI's motion. (ECF Nos. 490-91). On October 30, 2017, RPI filed its reply. (ECF No. 496). The parties thereafter filed several notices of supplemental authority and responses thereto. (ECF Nos. 509, 516, 542, 559).

On September 28, 2018, Judge Moses issued the Order denying RPI's motion for sampling-related discovery. (ECF No. 646). In reaching her decision, Judge Moses relied on

---

[3] *See RPI/USB II*, slip op.; *Royal Park Invs. SA/NV v. U.S. Bank Nat'l Ass'n*, No. 14-cv-2590, 2018 WL 3350323 (S.D.N.Y. July 9, 2018) (Lehrburger, M.J.) ("*RPI/USB I*"), *aff'd*, *RP/USB II*; *Blackrock Balanced Capital Portfolio (FI) v. Deutsche Bank Nat'l Tr. Co.*, No. 14-cv-9367, 2018 WL 3120971 (S.D.N.Y. May 17, 2018) (Furman, D.J.) ("*BR/DBNTC*"); *RP/HSBC II*, 2017 U.S. Dist. LEXIS 31157; *RPI/WF II*, 2017 WL 3610511; *Royal Park Invs. SA/NV v. Wells Fargo Bank, N.A.*, No. 14-cv-09764, 2017 WL 953550 (S.D.N.Y. Mar. 10, 2017) (Netburn, M.J.) ("*RPI/WF I*"), *aff'd as clarified by RPI/WF II*; *Royal Park Invs. SA/NV v. HSBC Bank USA Nat'l Ass'n*, No. 14-cv-08175, 2017 WL 945099 (S.D.N.Y. Mar. 10, 2017) (Netburn, M.J.) ("*RPI/HSBC I*"), *aff'd*, *RP/HSBC II*. These seven decisions are referred to herein as the "Trustee Sampling Decisions."

this Court's holdings as well as the unanimous decisions holding that expensive, sampling-related discovery is not justified in cases against RMBS trustees. *Id.* at 28-29.

Specifically, Judge Moses rejected sampling-related discovery as to all three categories of loans that RPI had identified. First, as to loans for which RPI alleges that the Trustee had actual knowledge of an R&W breach, Judge Moses explained that sampling could not "tell the fact-finder *which* loans in the larger pool had material and adverse R&W breaches or Document Exceptions." *Id.* at 21 (emphasis in original). Second, Judge Moses rejected RPI's request to sample loans to "pursue globalized claims for pervasive breaches of R&W obligations." *Id.* at 22. Judge Moses found that RPI's pervasive breach theory relied on an "inquiry notice" standard "as the trigger for the Trustee's enforcement obligations," which "is fundamentally inconsistent with the language and structure of the PSAs" and has "not been accepted by any judge in this District for use against an RMBS trustee." *Id.* at 23. Third, Judge Moses rejected costly sampling-related discovery as to loans in Trusts where a purported Event of Default ("EOD") by a servicer or master servicer had occurred, reasoning, in part, that RPI had not provided any legal authority or industry standards or customs showing that a prudent person would have conducted sampling to identify and investigate R&W breaches when an EOD occurred. *Id.* at 26-28.

## **ARGUMENT**

## I.   **JUDGE MOSES HAD THE AUTHORITY TO ENTER THE ORDER AND THE PROPER STANDARD OF REVIEW IS FOR CLEAR ERROR**

RPI incorrectly argues that the Order should be vacated because it purportedly exceeds the scope of the reference to Judge Moses for "discovery [and] non-dispositive pretrial motions," including by supposedly making "impermissible factual findings" about what the Trustee should do after an EOD. *See* Objs. at 5, 20-21. Judges Schofield and Failla rejected these same arguments, emphasizing that, like here, the sampling orders they reviewed were decided pursuant

to Rule 26's proportionality standard and did not dispose of any claim or defense.  *See RPI/WF II*, 2017 WL 3610511, at *5, 10-11 (affirming, *inter alia*, Judge Netburn's conclusions that sampling-related discovery would not help RPI with its "post-EOD breach claims"); *RPI/HSBC II*, 2018 U.S. Dist. LEXIS 31157, at *33-34, 40-42 (same).[4]

RPI's contention that this Court should review the Order *de novo* is also baseless.[5]  As Judges Schofield and Failla recognized, the proper standard under which to review the Order is the "highly deferential" clearly-erroneous-or-contrary-to-law standard of review under Rule 72(a)'s standard for non-dispositive orders.  *See RPI/WF II*, 2017 WL 3610511, at *5; *RPI/HSBC II*, 2018 U.S. Dist. LEXIS 31157, at *33-34; *see also RPI/USB II*, slip op. at 11 (reviewing Judge Lehrburger's order for clear error).  Under that standard, a "party seeking to overturn a magistrate judge's decision thus carries a heavy burden." *RPI/WF II*, 2017 WL 3610511, at *5.  "An order is clearly erroneous if the reviewing court is left with the definite and firm conviction that a mistake has been committed." *RPI/HSBC II*, 2018 U.S. Dist. LEXIS 31157, at *33; *RPI/WF II*, 2017 WL 3610511, at *5.  "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *RPI/HSBC II*, 2018 U.S. Dist. LEXIS 31157, at *33; *see also RPI/WF II*, 2017 WL 3610511, at *5.  "That reasonable minds may differ on the wisdom of granting a party's motion is not sufficient to overturn a magistrate judge's decision." *Royal Park Invs. SA/NV v. U.S. Bank Nat'l Ass'n*, 2017 WL 4174926, No. 14-cv-2590, at *5 (S.D.N.Y. Aug. 28, 2017).  RPI cannot show that Judge Moses's

---

[4] RPI argues that Judge Moses exceeded her power in resolving RPI's sampling motion, but RPI willingly briefed that motion to Judge Moses, not Judge Nathan.  (ECF Nos. 440, 453, 474-75, 496, 516, 542).  RPI should not now be heard to complain that Judge Moses lacked the power to do exactly what it asked her to do – decide RPI's sampling motion.

[5] In any event—as explained in detail below—the Order is thorough, well-reasoned, and correct in all respects.  This Court should adopt it no matter the standard of review.

Order was clearly erroneous.

## II.     THE ORDER WAS NOT CLEARLY ERRONEOUS

### A.     Every Court to Consider the Issue Has Held That Sampling-Related Expert Discovery Is Not Proportional to the Needs of a Case Against an RMBS Trustee

As Judge Moses observed, the question of "whether an RMBS certificate-holder can use statistical sampling to establish liability, damages, or both in a case against an RMBS trustee . . . is no longer novel." Order at 16.  Rather:

> [s]ince *PABF* was decided, two Magistrate Judges and three District Judges have carefully analyzed [this question] and uniformly answered in the negative – in each case reasoning principally that because statistical sampling "cannot provide loan-specific information as to any loan outside the sample," . . . it is of "limited benefit," . . . in a case where both liability and damages must be established "loan by loan," such that the effort "is not justified under the proportionality standard of Rule 26."

*Id.* (quoting *RPI/HSBC II*, 2018 U.S. Dist. LEXIS 31157, at *36, 37).  The Order correctly relied on these decisions in holding that sampling-related discovery is not justified under Rule 26 here. *See, e.g.*, Order at 10-11, 16-17, 21-23, 27-30.[6]  The seven Trustee Sampling Decisions are summarized below.

Magistrate Judge Netburn:  In RPI's cases against two other trustees (Wells Fargo and HSBC), Judge Netburn denied RPI's requests to "re-underwrite a sample of loans to establish pervasive breach rates across the underlying loans of the trusts at issue to prove liability and damages" because engaging in sampling-related expert discovery would not have been

---

[6] Following a bench trial, an Ohio court entered a verdict for the RMBS trustee-defendant in a case brought by investors based on allegations substantially similar to those made in this case.  *W. & S. Life Ins. Co. v. Bank of N.Y. Mellon*, No. A1302490, 2017 WL 3392855, at *1 (Ohio Comm. Pl. Aug. 4, 2017) ("*WS/BNYM*").  In finding for the RMBS trustee, the court rejected the applicability of sampling to these cases: "[b]ecause plaintiffs must prove their case 'loan by loan,' the use of sampling to prove breaches in this case is impermissible:  a breach in one loan says nothing about a breach in another, much less whether that breach has a 'material and adverse effect' on Certificateholders."  *Id.* at 10.

proportional to the needs of the cases.  *RPI/WF I*, 2017 WL 953550, at *1; *RPI/HSBC I*, 2017 WL 945099, at *1.  Citing the Second Circuit's decision in *PABF*, 775 F.3d at 162, Judge Netburn recognized that investors must prove their claims against an RMBS trustee "loan-by-loan and trust-by-trust" and rejected RPI's supposition that replacing loan-specific proof with extrapolated pool- or trust-wide breach rates could satisfy the Second Circuit's standard. *RPI/WF I*, 2017 WL 953550, at *4-6, *9; *RPI/HSBC I*, 2017 WL 945099, at *4-6, *9.  As Judge Netburn explained, sampling cannot capture the required loan-level specificity, including the materiality of any particular R&W breach, because although sampling may identify deficiencies in a drawn loan pool, outside that pool it "cannot reliably prove which loan defects had a material and adverse effect on the value of a particular loan."  *RPI/HSBC I*, 2017 WL 945099, at *5.  Judge Netburn also explained:

> While sampling may identify deficiencies within a drawn loan pool, [the RMBS trustee's] duties as trustee, including its obligation to enforce the repurchase remedy, are triggered only when it knew or received written notice of a defect for a particular loan in the trust. Conducting a sampling review seven or eight years after the fact cannot establish which specific loans [HSBC / Wells Fargo] would have actually found to be in breach had it performed an investigation at the time.

*Id*. at *8; *RPI/WF I*, 2017 WL 953550, at *8.

<u>Judge Failla</u>:  Judge Failla affirmed Judge Netburn's decision in the *RPI v. Wells Fargo* case, confirming that "it remains the law in RMBS cases of this kind that to prevail ultimately on the breach of contract claim, a plaintiff does have to demonstrate breach on a loan-by-loan and trust-by-trust basis." *RPI/WF II*, 2017 WL 3610511, at *7.  And Judge Failla "concur[red] with Judge Netburn's conclusion that the minimal benefits that sampling could provide to the [plaintiffs] are outweighed by the discovery's burden and expense in light of the fact that the contemplated sampling will cost hundreds of thousands, if not millions, of dollars, will require

months to conduct, and will likely result in challenges to the admissibility of the evidence." *Id.* at *11.

Judge Schofield:  Judge Schofield affirmed RPI's motion to vacate Judge Netburn's decision in the *RPI v. HSBC* case.  *RPI/HSBC II*, 2018 U.S. Dist. LEXIS 31157, at *31-43. Judge Schofield held that "sampling cannot provide loan-specific information as to any loan outside the sample and is therefore of limited benefit" to the plaintiffs' document defect, R&W, and post-EOD claims.  *Id.* at *35-36, 42.  Judge Schofield further held that "[s]ampling cannot prove damages for the same reason it cannot prove liability; it cannot identify the specific breaching loans outside the sample based on the existence and rate of defective loans with the sample." *Id.* at *43.  In so holding, Judge Schofield rejected as inapposite cases against originators and sponsors that had allowed sampling, emphasizing that "[p]laintiffs have not cited any authority, nor is the Court aware of any, permitting the use of sampling to establish liability or damages in a lawsuit against an RMBS trustee." *See id.* at *37-39.

Judge Furman:  In a similar case brought by other investors against the Trustee, Judge Furman rejected the plaintiffs' request for permission to proceed with statistical sampling. *BR/DBNTC*, 2018 WL 3120971, at *2.[7]  Persuaded by the reasoning in Judge Netburn's, Judge Failla's, and Judge Schofield's sampling opinions, Judge Furman held that "[b]ecause [p]laintiffs need to prove liability and damages on a trust-by-trust and loan-by-loan basis, there is no benefit to sampling beyond what it reveals about loans within the sample." *Id.*

Magistrate Judge Lehrburger:  In RPI's case against U.S. Bank National Association ("U.S. Bank"), Judge Lehrburger held that sampling was not proportional to the needs of the case

---

[7] Judge Furman decided the sampling issue in the first instance because Magistrate Judge Netburn is assigned to that case for general pretrial purposes and "ha[d] already said her piece" in the *RPI/WF I* and *RPI/HSBC I* orders.  *Id.* at *1 n.1.

and granted U.S. Bank's motion for a protective order.  *RPI/USB I*, 2018 WL 3350323, at *6.

Judge Lehrburger emphasized that "whether and to what extent a trustee can obtain repurchase of

breaching loans must be determined separately for each specific loan" and "[s]ampling . . .

cannot identify which specific loans were in breach (other than those in the sample itself), cannot

determine what would have happened had the trustee attempted to seek repurchase of the loans,

and cannot determine the damages associated with any specific loan."  *Id.* at *2.  Judge

Lehrburger found that "the relevance of sampling evidence to prove the investors' claims against

the trustee is slim to none, while the burdens remain high, again leading to the conclusion that

sampling discovery should not be pursued in this case." *Id.* at *4.

RPI does not even attempt to distinguish these decisions, which, as shown below,

considered and rejected every argument raised by RPI here.  And just yesterday, <u>Judge Marrero</u>

affirmed Judge Lehrburger's decision in the *RPI v. U.S. Bank* case, finding the "legal basis of

[the Trustee Sampling Decisions] and Magistrate Judge Lehrburger's analysis and conclusions

persuasive."  *RPI/USB II*, slip op. at 2.

    **B.**    <u>**Seven Judges Have Correctly Rejected RPI's Arguments**</u>

        **1.**    **RPI's Reliance on Litigation That Was Not Brought Against RMBS Trustees Is Misplaced**

RPI argues that sampling should be permitted in a case against an RMBS trustee because

it has been allowed in put-back cases against the originators, sponsors and sellers that made the

R&Ws.  Objs. 6-8.  Every court to consider this argument has rejected it.  *See* Order at 16-17;

*RP/USB II*, slip op. at 20-22; *RPI/USB I*, 2018 WL 3350323, at *3; *RPI/HSBC II*, 2018 U.S.

Dist. LEXIS 31157, at *37-38; *RPI/HSBC I*, 2017 WL 945099, at *6; *RPI/WF I*, 2017 WL

953550, at *6; *see also BR/DBNTC*, 2018 WL 3120971, at *2; *RPI/WF II*, 2017 WL 3610511, at

*10-11.  As Judge Moses emphasized, cases against parties that made the R&Ws are factually

distinct and inapt:

> In reaching this conclusion, every judge has distinguished cases brought against trustees (for failing to enforce R&W breaches against originators, sponsors, and other warrantors), from cases brought directly against such warrantors; that is, against the entities that made the R&Ws, were responsible for their accuracy, and were required to cure, substitute or repurchase them in the event of a breach.  In these cases, sampling has been permitted by some judges in this District and denied by others.

Order at 17 (footnotes omitted).  Judge Moses continued by quoting Judge Schofield's decision:

> These cases are inapposite because the duty of an originator or sponsor to underwrite each loan before issuing or purchasing it is not comparable to the limited and loan-specific nature of the trustee's duties under the PSAs.  Originators and sponsors review each loan file and make R&Ws as to each loan.  Therefore, if any loan turns out to be defective, it is fair to assume that the originator or sponsor is liable.  Thus, sampling to determine breach rates and average harm per breach can be a cost-effective way to establish liability and damages in a lawsuit against one of these entities.

*Id.* (quoting *RPI/HSBC II*, 2018 U.S. Dist. LEXIS 31157, at *37-38).  The cases against warrantors are clearly distinguishable.[8]

### 2.   Contrary to RPI's Assertion, the Order Correctly Held that Sampling Cannot Yield the Requisite Loan-Specific Proof

#### a.   The Order's Interpretation of *PABF* Was Correct

RPI asserts that Judge Moses erred in finding that sampling cannot satisfy *PABF*'s "loan-by-loan and trust-by-trust" standard of proof.  Objs. at 8-10.  But every judge to consider the

---

[8] Although actions against sponsors, originators and other warrantors are not on point, it is notable that recent decisions in warrantor litigation, including by Judge Keenan and Judge Castel, have rejected sampling.  *See, e.g.*, *Homeward Residential, Inc. v. Sand Canyon Corp.*, No. 12-cv-5067, 2017 WL 5256760, at *1, *7-11 (S.D.N.Y. Nov. 13, 2017) ("Because the Court concludes that the governing agreements, as relevant here, call for proof of breach on a loan-by-loan basis, Homeward's proposed sampling will not assist the trier of fact and accordingly the Court denies Homeward's motion."); *U.S. Bank, Nat'l Ass'n v. UBS Real Estate Sec. Inc.*, 205 F. Supp. 3d 386, 401, 424-25, 476 (S.D.N.Y. 2016); *MASTR Adjustable Rate Mortgs. Tr. 2006-OA2 v. UBS Real Estate Sec. Inc.*, No. 12-cv-7322, 2015 WL 797972, at *2-4 (S.D.N.Y. Feb. 25, 2015).  Similarly, Judge Chapman rejected attempts by RMBS trustees to prove their repurchase claims in the Lehman bankruptcy through sampling and required them to prove their claims—nearly 200,000 of them—on a loan-by-loan basis.  *See In re Lehman Brothers Holdings Inc.*, No. 08-13555 (BR. S.D.N.Y.) (ECF No. 47569).

issue agrees with Judge Moses. *See, e.g.*, *RPI/USB I*, 2018 WL 3350323, at *2 ("[T]here is no reason to believe that the Second Circuit would depart from its 'loan-by-loan' incantation with respect to use of sampling to prove liability or damages specifically against a trustee."); *BR/DBNTC*, 2018 WL 3120971, at *2 ("Because Plaintiffs need to prove liability and damages on a trust-by-trust and loan-by-loan basis, there is no benefit to sampling beyond what it reveals about the loans within the sample."); *RP/HSBC II*, 2018 U.S. Dist. LEXIS 31157, at *42 ("Plaintiffs cannot overcome the unavoidable fact that a sampling is just that, and by definition cannot provide loan specific information as to any loan outside the sample."). Indeed, in *PABF*, the Second Circuit expressly stated that a trustee's:

> alleged misconduct must be proved loan-by-loan and trust-by-trust. For example, whether [the party responsible for R&Ws] breached its obligations under the governing agreements (thus triggering [the trustee's] duty to act) requires examining its conduct with respect to each trust. Whether it was obligated to repurchase a given loan requires examining which loans, in which trusts, were in breach of the representations and warranties. And whether a loan's documentation was deficient requires looking at individual loans and documents.

775 F.3d at 162. RPI's position is meritless. *See also Estate of Heisler v. Deutsche Bank Tr. Co. Ams.*, No. 11-cv-1608, 2012 WL 5039065, at *2-3 (S.D.N.Y. Oct. 17, 2012) (Nathan, J.) (holding that a magistrate judge's decision to apply a test widely used in the district was not contrary to law).[9]

                            b.       <u>The Order Does Not "Overextend" *Nomura* and *Ambac*</u>

Contrary to RPI's assertions (Objs. at 10-11), the Order did not "overextend" *Nomura* and *Ambac* to "mandat[e] a per se rejection of any exception to the sole remedy provisions." *Id.* at 10. Judge Moses correctly cited these New York Court of Appeals decisions for the

---

[9] RPI's argument that it can somehow satisfy *PABF*'s loan-by-loan requirement by sampling *within* each Trust also misses the mark because sampling cannot establish liability and damages in the larger loan pool outside the sample.

proposition that the "cure/substitute/repurchase mechanism set forth in each PSA is the enforcing party's 'sole remedy' against a breaching Warrantor."  Order at 9 (citing *Ambac Ass. Corp. v. Countrywide Home Loans, Inc.*, 31 N.Y.3d 569, 584-85, -- N.E.3d -- (2018) and *Nomura Home Equity Loan, Inc., Series 2006-FM2, by HSBC Bank USA, Nat'l Ass'n v. Nomura Credit & Capital, Inc.*, 30 N.Y.3d 572, 584, 69 N.Y.S.3d 520 (2017)).  In footnote 11, Judge Moses recognized that although there are certain exceptions to the sole remedy provision, "[that] provision – and hence, the obligation to prove R&W breaches on a 'loan by loan' basis – cannot be avoided by alleging broader or numerous violations of representations and warranties contained in the governing contract."  Order at 9-10 n.11.

In any event, those cases, while bolstering the conclusion that loan-by-loan proof is required to establish the Trustee's liability, were not necessary to Judge Moses's conclusions, given that every court to consider the issue (including the Second Circuit) has held that claims against an RMBS trustee must be proved loan-by-loan, trust-by-trust.  *See, e.g.*, *RPI/DBNTC I*, 2016 WL 439020, at *6 ("[T]o prevail on its claims, [RPI] must demonstrate such breach on a loan-by-loan and trust-by-trust basis.").[10]

> c.   The Order Correctly Held that Loan-by-Loan Proof Is Required to Establish RPI's Purported Damages

RPI contends that Judge Moses erred in holding that loan-by-loan proof is required to establish RPI's purported damages.  Objs. at 11-12.  RPI is wrong.

As Judge Moses recognized, "it is the uniform view of judges in this District that [p]laintiffs need to prove liability and damages on a trust-by-trust and loan-by-loan basis."

---

[10] RPI's related argument that Judge Moses erred by not following *Deutsche Bank Nat'l Tr. Co. v. Morgan Stanley Mortg. Capital Holdings LLC*, 289 F. Supp. 3d 484 (S.D.N.Y. 2018) ("*DB v. MS*"), is equally flawed.  *See* Objs. at 10.  For reasons explained *supra* in Section II.B.1, warrantor litigation cases like *DB v. MS* are inapposite. Moreover, as the Order correctly noted, *DB v. MS* is distinguishable on its facts.  *See* Order at 23-24.

Order at 12.  RPI tries to overcome this "uniform view" by mistakenly asserting that the Trustee

is raising the insolvency of certain warrantors as an "affirmative defense."  Objs. at 11-12.  RPI

is wrong.

In relevant part, the Trustee's answer provides:

## AFFIRMATIVE AND OTHER DEFENSES

> Without assuming the burden of proof on any matter for which the
> burden rests upon Plaintiff, or waiving defenses not raised below
> that they need not plead at this time, the Trustees assert the following
> defenses with respect to the Complaint . . .

## THIRTY-SIXTH DEFENSE

> 33.  Plaintiff's claims are barred, in whole or in part, to the extent
> that any enforcement action by the Trustee taken against an
> allegedly breaching party would not have yielded any recovery for
> the Covered Trusts due to the insolvency of the allegedly breaching
> party or for any other reason.

ECF No. 113.  This defense (*i.e.*, reason why RPI cannot prove its case) is <u>not</u> an affirmative

defense with respect to which the Trustee bears the burden of proof.  *See Diesel Props S.r.l. v.*

*Greystone Bus. Credit II LLC,* 631 F.3d 42, 52-53 (2d Cir. 2011) ("Causation is an essential

element of damages in a breach of contract action; and, as in tort, a plaintiff must prove that a

defendant's breach directly and proximately caused his or her damages.").

And—even assuming *arguendo* that, as RPI contends, it need only "prove the fact of

damages" and "any uncertainty as to the amount of damages is on the breaching party,"[11] (Objs.

at 12)—that does not alter the conclusion that RPI must prove the "fact" of damages on a loan-

---

[11] RPI argues, as it has in other cases, that it does not need to show damages with certainty because the Trustee, as
the alleged "wrongdoer," bears the burden of any uncertainty in calculating damages. Objs. at 7, 12.  This rule,
however, does not apply here where the existence of damages is uncertain. *Schonfeld v. Hilliard*, 218 F.3d 164,
174-75 (2d Cir. 2000) (declining to apply the "wrongdoer rule" where the existence of lost profit damages could not
be proven with requisite certainty because the rule only applies "when the existence of damage is certain, and the
only uncertainty is as to its amount.").

by-loan basis.  *See, e.g.*, Order at 11; *RPI/USB II*, slip op. at 23-24 (holding that issues related to damages "require resolution on a loan-by-loan basis"); *RP/HSBC II*, 2018 U.S. Dist. LEXIS 31157, at *43 ("Sampling cannot prove damages for the same reason it cannot prove liability; it cannot identify the specific breaching loans outside the sample based on the existence and rate of defective loans within the sample."); *BR/DBNTC*, 2018 WL 3120971, at *2.

For example, RPI cannot prove even the *fact* of damages as to an individual loan without determining which entity was supposedly required to repurchase the breaching loan and whether that entity was solvent at the relevant time.  *See, e.g.*, *Fixed Income Shares: Series M v. Citibank N.A.*, No. 14-cv-9373, 2018 WL 1449580, at *1 (S.D.N.Y. Mar. 22, 2018) (granting Citibank's motion for summary judgment where the *plaintiff investors could not affirmatively* "*prove* that [Citibank, as the indenture trustee] could have taken action to avoid the harms that ultimately befell them" because "the entities against whom Citibank might have pursued claims had declared bankruptcy" before Citibank learned of the alleged breaches at issue.  Thus, "*Plaintiffs fail[ed] to present* any non-speculative reason to believe that Citibank could have and should have taken any different actions than it did, let alone that such actions would have prevented any harms to Plaintiffs.").[12]

### 3.    The Order Correctly Interpreted "Discovery"

RPI argues that the Order incorrectly held the Trustee must have actual knowledge of

---

[12] *See* Tr. 58:20-59:1, *Blackrock Allocation Target Shares Series S Portfolio et al. v. U.S. Bank Nat'l Ass'n*, No. 14-cv-9401 (S.D.N.Y. Jan. 31, 2018) (ECF No. 253) ("Thus, an appropriate model of damages would have to account for: (1) whether and when U.S. Bank discovered breaches; (2) whether the seller would have been in the financial position to repurchase or substitute the loan had U.S. Bank acted; (3) if not, whether litigation would have been appropriate; (4) for any litigation, whether it would have succeeded and whether any damages would have been collectible."); *Blackrock Balanced Capital Portfolio (FI) v. Deutsche Bank Nat'l Tr. Co.*, No. 14-cv-9367 (ECF No. 203) (minute order granting in part and denying in part motion to dismiss "for reasons to be explained at the conference scheduled for February 2, 2017"); *id.*, Hrg. Tr. 9:15-10:01, 15:01-15 (Feb. 2, 2017) (ECF No. 215) (dismissing plaintiff's claims as to "failed [warrantor] trusts" where plaintiffs failed to allege more than a "theoretical possibility" of how they "could recover" where individual warrantors for the loans at issue were insolvent at the time of alleged breach).

R&W breaches before any duty to act arises and that, instead, the Trustee's duties are triggered by "constructive knowledge."  Objs. at 13-18.  RPI is mistaken.

a.    The Law Squarely Holds That an RMBS Trustee's Duties Are Not Triggered by Constructive Knowledge

As this Court previously held, "[w]ithout actual knowledge of non-conforming loans, Defendant would have no obligation to require a Seller to substitute or repurchase the defective loan."  *See RPI/DBNTC I*, 2016 WL 439020, at *6.  And, as Judge Moses correctly observed:

> [In the cases against RMBS trustees, no court] has interpreted the term "discovery," as used in the PSAs, to mean either "constructive knowledge" or "inquiry notice," as RPI urges here. To the contrary: it appears to be the uniform view of this District that, in cases brought by RMBS investors against RMBS trustees, "discovery requires more than inquiry notice."

Order at 15 (quoting *RPI/WF II*, 2017 WL 3610511, at *9).  Further, the Order correctly noted that, as every court to address the issue has held, a constructive knowledge or inquiry notice standard is fundamentally incompatible with the loan-specific repurchase mechanisms and the language in the PSAs providing that the Trustee has no duty to investigate absent direction and indemnity.  Order at 12-16, 25.

RPI argues that the Second Circuit's decision in *Bank of N.Y. Mellon Trust Co., N.A. v. Morgan Stanley Mortg. Capital, Inc.*, 821 F.3d 297 (2d Cir. 2016) ("*BNYM v. MS*"), supports its arguments that "discovery" occurs when a trustee "should know" of an R&W breach and somehow means a trustee has a duty to investigate.  Objs. at 13.  But courts have consistently rejected RPI's contorted interpretation of that case, holding that the Second Circuit's decision "does not imply that mere opportunity to investigate constitutes discovery or that indenture trustees have a general duty to investigate in the first place."  *RPI/HSBC II*, 2018 U.S. Dist.

-14-

LEXIS 31157, at *40; *see also* Order at 13 & n.18.[13]

RPI's continued reliance on Judge Failla's decision in *RPI/WF II* is confusing because that decision does not support any of RPI's arguments. *See* Objs. 14-15. Specifically, Judge Failla (i) denied RPI's motion to vacate Judge Netburn's decision rejecting sampling-related expert discovery, (ii) confirmed that "the Court would deny [RPI's motion to vacate] even if it employed a *de novo* review and conducted Judge Netburn's Rule 26 analysis anew," (iii) acknowledged that RMBS trustees "cannot be required to investigate under the parties' contracts" and (iv) held that Judge Netburn did not commit error in concluding that "proof of 'discovery' would require more than mere constructive knowledge or inquiry notice." 2017 WL 3610511, at *6-11; *see also* Order at 15-16.[14]

RPI appears to argue that because it is supposedly not using sampling to demonstrate the Trustee's "discovery" of R&W breaches, *RPI/WF II* is distinguishable. Objs. at 15 n.9. Judge Furman rejected that same argument. *See BR/DBNTC*, 2018 WL 3120971, at *2 ("In arguing otherwise and attempting to distinguish *Wells Fargo* and *HSBC*, Plaintiffs insist that they seek to sample not to prove Deutsche Bank's discovery of R&W breaches, but rather to show the existence of and extent of breaching loans in the Trusts and damages. But the plaintiffs in *Wells Fargo* and *HSBC* made nearly the same arguments. Any differences between the arguments pressed here and the arguments rejected there are more semantic than real.").

---

[13] *BNYM v. MS* is also distinguishable because it involved a servicer's obligations under a mortgage loan purchase agreement ("MLPA") – not an RMBS trustee's duties under a PSA that expressly provides the trustee has no duty to investigate. 821 F.3d at 308-10. Similarly, *MASTR Asset Backed Sec. Tr. 2006-HE3 ex rel. U.S. Bank Nat. Ass'n v. WMC Mortg. Corp.*, No. 11-cv-2542, 2012 WL 4511065, at *6–7 (D. Minn. Oct. 1, 2012) (Objs. at 14 n.8) is distinguishable because, *inter alia*, the court was considering an MLPA and not a PSA expressly providing that the trustee has no duty to investigate.

[14] To the extent Judge Failla left open the possibility in *RPI/WF II* that RPI could demonstrate "discovery" through a lesser showing than "actual knowledge," the Trustee respectfully disagrees. In any event, Judge Failla determined that she need not decide this issue to deny RPI's motion to vacate Judge Netburn's decision rejecting sampling-related expert discovery. 2017 WL 3610511, at *10.

Equally unavailing is RPI's continued reliance on *Policemen's Annuity & Benefit Fund of Chi. v. Bank of Am., N.A.*, 907 F. Supp. 2d 536 (S.D.N.Y. 2012) to support its argument that the Trustee has a pre-EOD "duty to investigate." *See* Objs. at 14-15.  In that case, defendants moved for reconsideration, and the court clarified that "[i]t is certainly true that, as defendants argue, actual notice requires just that – actual notice, not constructive notice." *See Policemen's Annuity & Ben. Fund of Chi. v. Bank of Am., N.A.*, 943 F. Supp. 2d 428, 436-37, 443 (S.D.N.Y 2013), *abrogated on other grounds by PABF*, 775 F.3d 154.  The court went on to acknowledge that "[t]he PSA here, similar to other PSAs, shields the Trustee from a mandate to conduct an investigation, except under limited circumstances that are difficult to achieve: actual notice of an event of default or a request by 25% or more of the Certificate Holders." *Id.* at 436-37.

As every court addressing the issue has held, the remaining cases that RPI relies upon to support its "constructive knowledge" and duty to investigate arguments (Objs. at 13-15) are likewise inapposite because they do not address the duties of an RMBS trustee or a provision (like those in the PSAs) that expressly provides that the trustee has no duty to investigate.  *See, e.g.*, *RPI/HSBC II*, 2018 U.S. Dist. LEXIS 31157, at *40.[15]

> b.   The Order's Interpretation of "Discovery" Is Consistent with
>       Traditional Principles of Contract Interpretation

RPI's arguments that the Order's application of an "actual knowledge" standard violates

---

[15] *Deutsche Alt-A Sec. Mortg. Loan Tr., Series 2006-OA1 v. DB Structured Prods., Inc.*, 958 F. Supp. 2d 488, 490-94 (S.D.N.Y. 2013) (concerning knowledge by the party responsible for R&Ws, which served as securitization sponsor and was alleged to have conducted thorough due diligence); *Assured Guar. Mun. Corp. v. Flagstar Bank, FSB*, 920 F. Supp. 2d 475, 479, 512–13 (S.D.N.Y. 2013) (concerning knowledge by the party responsible for R&Ws, which served as sponsor, servicer, depositor, and originator of loans underlying RMBS trusts and underwrote the loans at issue); *LaSalle Bank Nat'l Ass'n v. Citicorp Real Estate, Inc.*, No. 02-cv-7867, 2003 WL 22047891, at *1, *6 (S.D.N.Y. Aug. 29, 2003) (concerning discovery by commercial mortgage loan seller that knew of significant issues concerning specific loan); *Morgan Guar. Tr. Co. of N.Y. v. Bay View Franchise Mortg. Acceptance Co.*, No. 00-cv-8613, 2002 WL 818082, at *1, *5 (S.D.N.Y. Apr. 30, 2002) (concerning discovery by commercial mortgage loan buyer).

"traditional contract interpretation principles" also fail.  *See* Objs. at 16-18.

   *First*, RPI incorrectly argues that "by construing 'discovery' in § 2.03 [of the PSAs] to mean the same thing as 'actual knowledge' in § 8.01, the Order violates the rule that parties must be deemed to have intended different meanings by using different language in two provisions." Objs. at 16.  While "knowledge" means "the fact or condition of being aware of something," "discover" means "to obtain sight or knowledge for the first time." "Discover" & "Knowledge," Merriam-Webster.com (last visited October 31, 2018, https://www.merriam-webster.com/). Thus, the phrase "upon discovery" in the governing agreements has a *temporal* component, triggering the Trustee's duties upon its first obtaining actual knowledge of a loan-level R&W breach.

   *Second*, RPI contends that this Court should interpret discovery to mean "knew or should have known" based on cases against RMBS parties other than a trustee and non-RMBS cases. Objs. at 16-18.  Again, as every court has held, those cases are inapposite.[16]  *See supra* Section II.B.3.a.  Further, in seeking to impose an inquiry notice standard, RPI ignores express PSA provisions that state that the Trustee has no duty to investigate absent direction and indemnity. *See* Trustee Opp. at 6-8.  Doing so violates the traditional principle of contract construction that "[a] reading of the contract should not render any portion meaningless."  *Beal Sav. Bank v. Sommer*, 8 N.Y.3d 318, 324-25 (2007).

   *Finally*, RPI contends that the Court should not interpret "upon discovery" to mean "upon first obtaining actual knowledge" because that would supposedly leave "investors unprotected." Objs. at 18.  As purported support, RPI cites to authority concerning ordinary trusts, as opposed

---

[16] This Court should disregard RPI's arguments concerning irrelevant case law interpreting MLPAs (*see* Objs. at 17-18) for the additional reason that RPI did not raise those arguments before Judge Moses.  *See N. Jersey Media Grp. Inc. v. Fox News Network, LLC*, No. 14-cv-7630, 2015 WL 7444822, at *2 (S.D.N.Y. Nov. 23, 2015).  The Trustee is not even a party to any MLPA.

to RMBS trusts.  *Id.*  But, the law is well settled that RMBS trusts and ordinary trusts (*e.g.*, testamentary trusts) are "different legal animal[s]."  *Peak Partners, LP v. Republic Bank*, 191 F. App'x 118, 122 (3d Cir. 2006).  Unlike ordinary trustees, the duties of an RMBS trustee "are *exclusively defined* by the terms of the" contracts that govern the trusts.  *Elliott Assocs. v. J. Henry Schroder Bank & Tr. Co.*, 838 F.2d 66, 71 (2d Cir. 1988); *see Ellington Credit Fund, Ltd. v. Select Portfolio Servicing, Inc.*, 837 F. Supp. 2d 162, 192 (S.D.N.Y. 2011).  Here, the PSAs are clear that the Trustee has no duty to investigate absent the requisite direction and, as relevant here, its duties are triggered when it first has actual knowledge of an R&W breach.  Order at 25 & n.30; Trustee Opp. at 6 n.6; *RPI/DBNTC I*, 2016 WL 439020, at *6.

### 4.    The Order Correctly Declined to Authorize Sampling-Related Discovery as to Any Category of Loans

Rehashing arguments made earlier in its brief, RPI spends its last seven pages contending that sampling-related expert discovery is proportional to the needs of the case with respect to "three distinct categories of loans."  Objs. at 18-24.  Again, seven judges, including Judge Moses, have thoroughly considered and rejected all of RPI's arguments, finding that sampling-related expert discovery is not proportional to the needs of the case with respect to <u>any</u> category of loans.  *See* Order at 18-30 (rejecting sampling as to RPI's three categories of loans); *RP/USB II*, slip op. at 1-2 (emphasizing that "[n]umerous other courts in this district handling similar claims against other . . . [RMBS] trustees have consistently precluded Royal Park from pursuing statistical sampling" and finding the legal basis for those Trustee Sampling Decisions persuasive); *RPI/USB I*, 2018 WL 3350323, at *5-6 (precluding sampling because it will not help establish RPI's liability or damages); *BR/DBNTC*, 2018 WL 3120971, at *2 (rejecting all sampling); *RPI/HSBC II*, 2018 U.S. Dist. LEXIS 31157, at *43 (rejecting sampling as to all categories of loans, including as to document defect, R&W, and post-EOD claims); *RPI/WF II*,

WL 3610511, at *10-11 (affirming Judge Netburn's rejection of sampling as to all of RPI's

claims); *RPI/WF I*, 2017 WL 953550, at *4-9 (rejecting sampling as to all of RPI's claims);

*RPI/HSBC I*, 2017 WL 945099, at *4-10 (same).

In short, sampling-related discovery is very expensive, and its "relevance . . . to prove

[RPI's] claims against the trustee is slim to none" because, *inter alia*, it cannot produce the

requisite loan-specific evidence for any loan outside the sample.  Order at 29; *see, e.g.*,

*BR/DBNTC*, 2018 WL 3120971, at *2 ("[B]ecause Plaintiffs cannot avoid the need for

loan-specific evidence, there is nothing to be gained from allowing statistical sampling *per se*

and much to be lost, in time if not money."); *RPI/HSBC II*, 2018 U.S. Dist. LEXIS 31157, at

*37, 43 (holding that "[s]ampling cannot prove damages for the same reason it cannot prove

liability; it cannot identify the specific breaching loans outside the sample based on the existence

and rate of defective loans with the sample" and therefore "would provide slight benefit at great

cost").  As Judge Moses aptly observed, "a shortcut is not a shortcut if it terminates in a dead

end.  Time and money spent on sampling is wasted if – as appears likely – the results will not

assist the parties in resolving this action."  Order at 29.

## CONCLUSION

For the foregoing reasons, the Court should affirm Judge Moses's Order and overrule

RPI's objections.

Dated: New York, New York    MORGAN, LEWIS & BOCKIUS LLP
    October 31, 2018

           By: */s/ Kevin J. Biron*    

           Michael S. Kraut
           Kevin J. Biron
           MORGAN, LEWIS & BOCKIUS LLP
           101 Park Avenue
           New York, NY 10178
           Tel: (212) 309-6000
           Fax: (212) 309-6001
           Michael.Kraut@morganlewis.com
           Kevin.Biron@morganlewis.com

           *Attorneys for Defendant*
           *Deutsche Bank National Trust Company, as*
           *Trustee*