**Robbins Geller Rudman & Dowd LLP**

| Atlanta | Chicago | Melville | Philadelphia | San Francisco |
| Boca Raton | Manhattan | Nashville | San Diego | Washington, DC |

Lucas F. Olts
lolts@rgrdlaw.com

March 30, 2017

<u>VIA ECF</u>

The Honorable Barbara Moses
United States District Court
500 Pearl Street, Courtroom 9A
New York, NY  10007-1312

      Re:    *Royal Park Investments SA/NV v. Deutsche Bank National Trust Company*
              Civil Action No. 1:14-cv-04394-AJN-BCM (S.D.N.Y.)

Dear Judge Moses:

I write on behalf of Royal Park Investments SA/NV ("RPI") in reply to Deutsche Bank National Trust Company's ("Deutsche Bank" or "Trustee") opposition to RPI's motion regarding fees and costs billed to the Covered Trusts.  Deutsche Bank has failed to establish that its billing of fees and costs to the Covered Trusts are permitted by the Governing Agreements ("GAs") or otherwise proper, and thus RPI respectfully requests the Court grant its motion.

**RPI's Motion Is Properly Before the Court**

Deutsche Bank's "threshold" arguments are meritless.  ***First***, the relief sought is clearly within the scope of the "case or controversy" at issue.  Dkt. No. 341 at 1.[1]  RPI's breach of contract cause of action against the Trustee provides Article III standing regarding any issues pertaining to indemnification for those causes of action.  *Amaya v. Garden City Irrigation, Inc.*, 2011 WL 564721, at *5 (E.D.N.Y. Feb. 15, 2011) ("Other than a state-law claim for the same relief, it is difficult to imagine a claim more clearly within a court's supplemental jurisdiction than a claim seeking indemnity for liability on the main claim.").

***Second***, RPI, as a holder of the Covered Trusts, has standing.  The fact that the certificates that RPI holds in the Covered Trusts have not made interest or principal payments for some period of time is meaningless.  RPI has the right to collect any payments from recoveries that are made in the future.  As Deutsche Bank itself explained, certificates that have been "written down to a zero . . . due to realized losses," should not be considered fully redeemed "in case losses are recovered in the future."  Ex. 1.  Thus, Deutsche Bank's claim that "no trust monies used for indemnification could have flowed to RPI through the Covered Trusts' waterfalls" is flatly wrong.

**The Indemnification Provisions Do Not Apply When Beneficiaries Sue the Trustee**

Fundamentally, Deutsche Bank's claim that the plain language of the GAs entitles it to indemnification for this action is contrary to New York contract law.  Under New York law, indemnification provisions do not cover lawsuits between indemnitor and indemnitee unless the terms exclusively or unequivocally cover those claims.  *See BNP Paribas Mortg. Corp. v. Bank of Am., N.A.*, 778 F. Supp. 2d 375, 415 (S.D.N.Y. 2011); *Bridgestone/Firestone, Inc. v. Recovery*

---

[1] The unremarkable and inapposite holding in *Lawal v. United States I.N.S.*, No. 94 Civ. 4606 (CSH), 1996 WL 384917 (S.D.N.Y. July 10, 1996), that the "only claims raised by plaintiffs in their complaint are moot, th[e] court lacks subject matter jurisdiction," does not support Deutsche Bank's position.  *Id*. at *3.

Robbins Geller
Rudman & Dowd LLP

The Honorable Barbara Moses
March 30, 2017
Page 2

*Credit Servs.*, 98 F.3d 13, 21 (2d Cir. 1996). Deutsche Bank does not contend otherwise in its opposition. Instead, Deutsche Bank points to broad language in the indemnity provisions, such as "any claim or legal action," in an attempt to meet its burden. But such broad indemnification provisions that do not exclusively or unequivocally cover claims between indemnitor and indemnitee are not enforceable. *See BNP Paribas*, 778 F. Supp. 2d at 417 (rejecting the contention that the "reference to 'all losses' in the indemnification provision means that it must cover" claims between indemnitor and indemnitee);[2] *Sequa Corp. v. Gelmin*, 851 F. Supp. 106, 110 (S.D.N.Y. 1994) ("the agreement's broad language – 'any and all' claims 'of any kind and nature' – refers solely to the type of claims that are covered, not the identification of parties who may assert those claims"). Given that the indemnification provisions provide no indemnity to Deutsche Bank when sued by an indemnitor, as they must be interpreted under New York law, the Court need not read further into Deutsche Bank's arguments that the exclusions of coverage (such as negligence) in those indemnity provisions have not been established.[3] Accordingly, because under the "exclusively or unequivocally" standard, Deutsche Bank has ***no right*** to indemnification in these circumstances, it may not bill the Covered Trusts, nor delay reimbursement until the case is resolved on the merits.

Deutsche Bank also claims that the indemnitor and indemnitee are not adversaries in this litigation, and by implication, the indemnification agreements do not need to exclusively or unequivocally reference RPI's claims. Its assertion fails. Cash deposited into the trust is passed through to certificateholders. *See* Dkt. No. 100 at 21. The same principle applies when cash is paid from the trust. Since the certificateholders are the only persons with a financial interest in the trust funds, Deutsche Bank's billings to the trust wrests money directly from the certificateholders. In essence, billing the trust is no different than billing the certificateholders, and it is improper to require indemnification when an entity financially intertwined with the indemnitor sues the indemnitee. *See Sequa*, 851 F. Supp. at 111 (refusing to require indemnification from the indemnitor when its parent company sued the indemnitee). The analysis here is no different. Similarly to how a subsidiary's indemnification payments to the indemnitee damages the parent company, the trust fund's reimbursement to Deutsche Bank damages the certificateholders.

Deutsche Bank misreads the holding in *VNB Realty, Inc. v. U.S. Bank Nat'l Ass'n*, 2016 WL 3912028 (D.N.J. July 19, 2016) ("*VNB*"). In *VNB*, the court did not reach the merits of the indemnification provision and merely held there was no "imminent threat of irreparable harm." *Id.* at *2. Furthermore, the moving party did not raise the issue that the indemnification language was inapplicable to a lawsuit between a certificateholder and trustee under New York law as RPI does in this motion, nor did the court analyze the terms of indemnification provision under New York law.

---

[2] Citations and footnotes are omitted and emphasis is added unless otherwise noted.

[3] Deutsche Bank's contention that RPI's interpretation of the GAs runs counter to the economic reality of the transactions, overlooks provisions which other parties to the GAs may be responsible to provide indemnity to Deutsche Bank for conduct alleged in the complaint. *See* Dkt. No. 340 at 2 n.2. The failure to seek indemnity from its counterparties by reflexively shifting the costs to the Covered Trusts is conduct consistent with the conflict of interest allegations in the complaint. *See, e.g.*, Complaint, Dkt. No. 1, ¶167. Deutsche Bank's assertion that it is "indirectly" indemnified by the trust fund because the servicers of the Novastar (NHEL 2006-4) and Saxon (SAST 2006-2) trusts may seek indemnification from the trust fund in certain circumstances is also unconvincing. Under those GAs, ***it must bill the servicer***, not the trust. *See* Dkt. No. 341, Exs. 2, 3. Only if the servicer complies with the conditions set forth in the GAs, is the trust responsible for indemnification ***of the servicer***. Moreover, to the extent Deutsche Bank is arguing it never has liability for breaching its duties, the *Sequa* analysis instructs courts to reject indemnification provisions that operate as a release like Deutsche Bank asserts here. *Sequa*, 851 F.Supp. at 111.

1250176_1

*See id.*; *VNB*, No. 13-cv-04743 (D.N.J.), Dkt. Nos. 88, 91; *see also Royal Park Invs. SA/NV v. HSBC Bank USA Nat'l Ass'n*, No. 14-cv-8175-LGS-SN (S.D.N.Y.) ("*HSBC*") (speaking in generalities and not considering the interpretation of indemnification provisions under New York law), Dkt. No. 254 at 8. The *VNB* plaintiff attacked the indemnity provisions solely on the fact the indemnification provisions provided an exception for negligence. *VNB*, No. 13-cv-04743 (D.N.J.), Dkt. No. 88 at 3-4. Moreover, Deutsche Bank's description that "[t]he court rejected the investor's argument that mere allegations of negligence precluded indemnification" goes too far, and lacks a pin citation because the court did not reach that conclusion.[4] Dkt. No. 341 at 2. The reality is the court declined to answer those questions and denied the motion solely on lack of irreparable harm. *VNB*, 2016 WL 3912028, at *2. Thus, Deutsche Bank cites no authority that allegations of negligence are insufficient for the indemnitor to invoke the exception in the indemnification provisions. In the *VNB* defendant's opposition, it provided the court evidence that it sought $306,600 in reimbursement to compare to the trust assets. *Id.* at *3 n.1. Here, Deutsche Bank steadfastly refuses to provide any detail of the extent of the harm it is causing to the Covered Trusts. *See* Dkt. No. 341 at 3-4. On Deutsche Bank's refusal, there is no basis to find that the Covered Trusts are not being irreparably harmed.

Deutsche Bank's contention that the "default rule" that parties pay for their own legal costs is inapplicable misreads RPI's argument. Simply stated, to the extent the GAs do not include indemnification provisions that apply to actions by beneficiaries against the Trustee for negligence in its duties to the Covered Trusts, the parties bear their own legal expenses. As stated above, Deutsche Bank is not entitled to indemnification from the trust because such indemnification will be deducted from the certificateholders, the same people suing the Trustee.

Rather than assert its billings were reasonable, or provide any evidence on the amount it has billed the Covered Trusts, Deutsche Bank counters that it is the unreasonable conduct of RPI that caused its expenses. But its boast that it prevailed on inconsequential privilege claims that it had initially contested, does not establish Deutsche Bank's litigation tactics were reasonable. *See* Dkt. No. 206 at 8. Deutsche Bank's reference to Dkt. No. 296 is odd, given that RPI brought the motion because Deutsche Bank refused to provide a properly noticed Fed. R. Civ. P. 30(b)(6) witness. *See* Dkt. No. 285.

**Deutsche Bank's Invoices Are Discoverable**

Deutsche Bank contends RPI has not cited "any document request covering such invoices, and the deadline for new requests has passed." Dkt. No. 341 at 4. But the invoices are unquestionably responsive to several requests for production.[5] Ex. 2 (Apr. 24, 2015 RFP No. 31) at 34 ("All documents concerning any indemnification or other arrangements under which any person may be obligated to indemnify you, in whole or in part, for any liabilities that may be incurred by you concerning the Certificates or the Covered Trusts."); Ex. 2 (RFP No. 42) at 36 ("All documents concerning investigations or litigation brought or threatened by investors relating to Deutsche Bank MBS trusts."). Deutsche Bank agreed to produce documents responsive to these requests, subject to its objections. The invoices are also relevant to the claims alleged in RPI's complaint, which

---

[4] RPI's negligence allegations are not "gratuitous" because it clearly impacts the extent of RPI's recovery here if the Court holds that the indemnification provisions are applicable to any extent.

[5] Deutsche Bank has not asserted that the invoices are subject to any privilege claims.

**Robbins Geller Rudman & Dowd LLP**

The Honorable Barbara Moses
March 30, 2017
Page 4

includes in its prayer for relief that the Court award "plaintiff, the class and the Covered Trusts their reasonable costs and expenses incurred in this action, including counsel and expert fees."  Dkt. No. 1 at 128.

### The Trustee Should Reimburse the Covered Trusts for the Costs the Court Expressly Ordered Deutsche Bank to Bear

Having ordered Deutsche Bank to bear the costs associated with the continued Fed. R. Civ. P. 30(b)(6) deposition, it would be strange indeed if, as Deutsche Bank suggests, this Court was without power to enforce its order by requiring that Deutsche Bank actually comply with it.  This, of course, is not the law.  Under both Fed. R. Civ. P. 26 and 37, this Court has "broad discretion" to fashion appropriate awards in connection with discovery disputes, including the allocation of expenses.  *JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs.*, 2005 U.S. Dist. LEXIS 16772, at *31 (S.D.N.Y. Aug. 16, 2005) (collecting cases); *Estee Lauder, Inc. v. Fragrance Counter, Inc.*, 189 F.R.D. 269, 273 (S.D.N.Y. 1999).  Deutsche Bank has provided no legal support whatsoever for the assertion that this Court cannot (as RPI submits it already has), order Deutsche Bank itself to bear costs that it has improperly foisted upon the Covered Trusts.[6]

Nor is there any merit to Deutsche Bank's contention that it is not a party to this action in its individual capacity.  While Deutsche Bank points to the caption of the complaint, it is black letter law that "'it is "[t]he substance of the pleadings, not the caption, that determines the identity of the parties."'"  *U.S. Bank, N.A. v. UBS Real Estate Sec. Inc.*, 2016 U.S. Dist. LEXIS 119890, at *35-*36 (S.D.N.Y. Sept. 6, 2016).  The complaint itself defines the defendant as "Deutsche Bank National Trust Company," and this Court has already found that RPI adequately alleges tort claims against Deutsche Bank, for which it is liable in its individual capacity.[7] Dkt. No. 100; *Baker O'Neal Holdings, Inc. v. Ernst & Young LLP*, 2004 U.S. Dist. LEXIS 6277, at *36 (S.D. Ind. Mar. 24, 2004); *In re Bishop's Will*, 277 A.D. 108, 115 (N.Y. App. Div. 1950).  Nor would it make a difference if the award was against Deutsche Bank as Trustee, as the Trustee is not entitled to reimbursement for unreasonable expenses – a contention Deutsche Bank wholly fails to address in its opposition.

Respectfully submitted,

/s/ Lucas F. Olts
LUCAS F. OLTS

cc: All Counsel of Record (via ECF)

---

[6] Deutsche Bank's suggestion that the invoice submitted by Robbins Geller Rudman & Dowd LLP ("Robbins Geller") was unreasonable, is ridiculous.  Robbins Geller billed Deutsche Bank solely for airfares and hotel expenses associated with the trip, in accordance with this Court's order.  Robbins Geller did not bill Deutsche Bank for any other expenses associated with that trip, or for their attorneys' time in defending what turned out to be a futile deposition conducted by Deutsche Bank's counsel.

[7] In addition, most of the GA define the "Trustee" as "Deutsche Bank National Trust Company."  In the *HSBC* matter, Judge Scheindlin rejected *HSBC*'s repeated attempts to contend that the defendant was anything other than the bank as a whole.  *HSBC*, 9/4/15 Hr'g Tr. at 5:12-13 ("the trustee is the bank, the whole bank, not the corporate trust department"); *id*. at 14:21-23 ("I mean you can't slice it so fine that the bank isn't the bank, which is the trustee"); *id*. at 24:9-10 ("No, the trustee is the bank.  Let's not go over that again.  The trustee is the bank.").

1250176_1